# Exhibit 1

_Byroniesha Alexander_   *   _____ **JUDICIAL DISTRICT COURT**

**VERSUS**   *   **DOCKET NUMBER:** _____ **Div** \_\_

_Housing Authority of New Orleans_ *   _____ **PARISH, LOUISIANA**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## In Forma Pauperis Affidavit

### All questions must be answered in full.

**Note: Questions 2 and 3 should not be filled in if you are seeking protection from abuse.**

1. Your Full Name: **Byroniesha Jeenay Alexander**

   Social Security Number (Optional): **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** Date of Birth: **02/02/1990**

   Age: **34**      Sex: _____

2. Address: **2103 Bienville St   New Orleans LA   70112**
   (Box Number or Street Address)    (City and State)    (Zip Code)
   (See Note above)

3. Telephone Number(s): (HOME) **504-729-7793** (WORK) **N/A**
   (See Note above)

4. Are you a Student? ☐ YES ☑ NO   If yes, please indicate the name of the school you are attending: **N/A**    Enrollment Status: **N/A**

5. Current Household:
   Single: ☐ Married: ☐ Separated: ☑ Divorced: ☐ Widowed: ☐ Intimate partner: ☐
   How many children do you support who are under 18? **1**
   How many children live with you? **1**   Do you have any other dependents? \_\_\_\_\_
   State the Name, Age and Relationship to you of the children and dependents:

| NAME | AGE | RELATIONSHIP |
|------|-----|--------------|
| Legend Dior Butler | 14 | Son |
| La'Rian Aaliyah Francois | 25 | Sister |
| | | |
| | | |

6. What is your current Occupation? **Insta Cart Shopper**   Are you employed? ☑ YES ☐ NO
   (If yes, please complete the following **Employer Information**)
   Name of Employer: **Insta Cart**
   Address: **50 Beale St, Suite 600, San Francisco, CA 94105**
   (Street Address)    (City and State)    (Zip Code)
   Telephone Number: **910-817-2278**   How long have you been employed? **2yrs**

   (If you are not employed, please provide information of your **last employer**)
   Name of last employer: _____
   Address: _____
   (Street Address)    (City and State)    (Zip Code)
   How long have you been unemployed? _____
   What were your monthly wages? _____

7. **Gross Income:** (a) State your gross earned income from wages and how you are paid:
   Weekly? ☐ Bi-Weekly? ☐ Monthly? ☑   Amount/month $ **469.79**
   **\* Sporadic, temporary, and approximate income from delivery services**
   (b) Apart from income or support listed in response to question 8(b) below, how much other
   income do you receive on a monthly basis? **2024, n/a at this time** $ **0**

   (c) Monthly Deductions: Federal Income Tax: $_____ FICA: $_____ $_____

   (d) Other deductions: (explain) _____

   **TOTAL NET MONTHLY INCOME:** (Add question 7 (a) + (b) less (c)) $ **469.79** ~VERIFIED~

**8(a).** If you are married and live with a spouse, please answer:

Is your spouse employed? N|A    What is the occupation of your spouse? N/A

Is your spouse paid Weekly? ☐ Bi-Weekly? ☐ Monthly? ☐ Amount/month $ _____

Name of spouse's employer: ____N/A_____

Address: ____N/A_____
        (Street Address)              (City and State)          (Zip Code)

Telephone Number: ____N/A_____ How long has spouse been employed? N/A

**8(b).** Do you or your spouse receive any of the following income or support? ☑YES ☐NO

If yes, state the monthly amount.    SSI: $ ___N/A____ Disability: $ N/A

Worker's Comp: $ N·_____ Unemployment Benefits: $ ___N/A__

Food Stamps: $536.00_____ TANF: $ ___N/A_____ Child Support: $ ___N/A__

Spousal Support: $ __N/A___ Kinship Care Subsidy Grant: $ N/A____ Other: $ _____

If you are a client of a legal services program funded by the Legal Service Corporation or a Pro Bono Project that receives referrals from a legal services program and have a combined income from questions 7 and 8 that is less than or equal to 125% of the federal poverty level, skip all parts of question 9, and continue with question 10 on the next page.

**9.** Do you own or have an interest in any of the following? (Including community property)

**A.**

| | VALUE OF INTEREST | BALANCE OWED |
|---|---|---|
| HOUSE | $ N/A | $ N/A |
| AUTOMOBILE | $ N/A | $ N/A |
| TRUCK | $ N/A | $ N/A |
| WATERCRAFT | $ N/A | $ N/A |
| LIVESTOCK | $ N/A | $ N/A |
| MACHINERY | $ N/A | $ N/A |
| STOCK | $ N/A | |
| BONDS | $ N/A | |
| CERTIFICATES OF DEPOSIT | $ N/A | |
| OTHER IMMOVABLE PROPERTY | Equity $ N/A | Debt $ N/A |

DO YOU HAVE A BANK ACCOUNT(S)? ☐YES ☑NO   Amount in account(s): $ N/A

☐CHECKING ☐SAVINGS  Name and Location of Bank: ____N/A_____

**TOTAL VALUE OF ASSETS: $ 0_____**

**B. i.** List your Monthly Expenses:

| | | |
|---|---|---|
| Rent: $ HAND | Cable: $ N/A | Car Note: $ N/A |
| Lot Rent: $ N/A | Garbage: $ N/A | Car Insurance: $ N/A |
| House Note: $ N/A | Medical Insurance: $ Medicaid | Transportation: $ N/A |
| House Insurance: $ N/A | Medical Expenses: $ Medicaid | Food: $. 78 |
| Gas: $ N/A | Dental Expenses: $ Medicaid | Barber/ Beauty: $ N/A |
| Electricity: $ · $39.00 | Prescriptions: $ Medicaid | Entertainment: $ N/A |
| Water: $ N/A | Life Insurance: $ N/A | Grooming Supplies: $ N/A |
| Telephone: $ $45.00 | Daycare: $ N/A | Garnishment: $ N/A |
| Property Taxes: $ N/A | Child Support: $ N/A | Other: $ ‹ |

**Total Amount of section i:**                                $ 84.00

**ii.** Credit cards: (List type of card and monthly payment)

| Card Name | Monthly Payment |
|---|---|
| N/A | $ N/A |
| N/A | $ N/A |
| N/A | $ N/A |
| N/A | $ N/A |

**Total Amount of section ii:**                    $ N/A

**iii.** Financial Loans: (List the financial institution and your monthly payment)

| Financial Name | Monthly Payment |
|---|---|
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |

**Total Amount of section iii:**                    $ N/A

**TOTAL MONTHLY EXPENSES: (Add 9B (i+ii+iii) =Total Monthly Expenses)  $ 84.00**

10. **Does anyone regularly help you pay your expenses?**  ☑ YES ☐ NO
(a) If yes, state that person's name and relationship to you.
Name: _Byron Butler_    Relationship: _Brother_
(b). Do you have any additional income or assets that are not shown above?  ☐ YES ☑ NO
If you answered yes to either (a) or (b), please explain:

_____

_____

_____

11. **If you have an attorney, what arrangements have you made to pay your attorney's fee? What amount, if any, have you paid?** (You are required to answer fully.)
_legal aid attorney – free_

12. **Has your attorney or the Notary Public told you that you may go to jail if you intentionally give a false answer to any of the above questions?**  ☑ YES ☐ NO

## MOVER'S AFFIDAVIT

**STATE OF LOUISIANA**
**PARISH OF** _ORLEANS_

    **BEFORE ME** the undersigned authority personally came and appeared:

        **BYRONIESHA J. ALEXANDER**

who, after being duly sworn, deposed and said:

1. He/She provided the information above; that the information is furnished to the court for the purpose of requesting permission to litigate the above captioned lawsuit without paying the costs in advance or as they accrue or furnishing security therefor.

2. That the above information is a true and correct statement of his/her financial condition.

3. That the pleading and all allegations of fact therein are true and correct; and that because of his/her poverty and want of means, he/she is unable to pay the costs of court in advance or as they accrue, nor is he/she able to provide security therefor.

4. He/She has read and understands the privilege contained in the notice below.

## NOTICE

    Although you may be granted the privilege of proceeding without prepayment of costs, **SHOULD JUDGMENT BE RENDERED AGAINST YOU, YOUR STATUS AS A PAUPER DOES NOT RELIEVE YOU OF THE OBLIGATION TO PAY THESE COSTS.**

    The privilege to proceed *IN FORMA PAUPERIS* is restricted to litigants who are clearly entitled to do so, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the indiscriminate filing of lawsuits may be discouraged, without depriving a litigant of the benefit of proceeding *in forma pauperis* if he/she is entitled to do so.

                         Mover's Signature

    SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in _New Orleans_ Louisiana, this _20_ day of _December_, 20_24_.

                      NOTARY PUBLIC
                      ELIZABETH HARVEY
                      NOTARY ID # 38258
                      STATE OF LOUISIANA
                      PARISH OF ORLEANS
                      My Commission is for Life

# THIRD PARTY AFFIDAVIT

**STATE OF LOUISIANA**
**PARISH OF** ___ORLEANS_____

  **BEFORE ME**, personally came and appeared: _JAVONTE RENE RICHARD_ who, after being sworn, deposed and said that he/she knows _BYRONIESHA  ALEXANDER_ well and that he/she knows that because of his/her poverty and want of means, he/she is unable to pay the costs of court in advance or as they accrue, nor is he/she able to provide bond therefor.

           _____
            Signature of Witness

  SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in _New Orleans_ Louisiana, this _20_ day of _December_, 200_24_.

      _____
       NOTARY PUBLIC

> OFFICIAL SEAL
> ELIZABETH HARVEY
> NOTARY ID # 38256
> STATE OF LOUISIANA
> PARISH OF ORLEANS
> My Commission is for Life

## LEGAL SERVICE PROGRAMS' DECLARATION

  **I ATTEST** that I am a duly authorized representative of a Legal Services Program funded by the Legal Service Corporation or a Pro Bono Project that receives referrals from one of these Legal Service Programs, and that _BYRONIESHA  ALEXANDER_ has produced evidence that he/she receives public assistance benefits, or that he/she has qualified to receive free legal services based on his/her income being less than or equal to 125% of the federal poverty level and therefore is entitled to a rebuttable presumption that he/she is entitled to the privilege of litigating without prior payment of costs.

      _____
    Legal Services Program or Pro Bono Project Representative

## ORDER

  **Considering the foregoing Pleading and Affidavits:**
let _____ prosecute or defend this litigation in accordance with Louisiana Code of Civil Procedure, Article 5181, et. seq., without paying the costs in advance or as they accrue or furnishing security therefor.

  **THUS, READ AND SIGNED**, this _____ day of _____, 200___, in _____, Louisiana.

         _____
          **DISTRICT JUDGE**

VERIFIED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO. 2024 - 11594                                    Division:

BYRONIESHA ALEXANDER

VERSUS

HOUSING AUTHORITY OF NEW ORLEANS

FILED: _____

                                          DEPUTY CLERK

## EMERGENCY MOTION FOR STAY OF HOUSING AUTHORITY DECISION PENDING JUDICIAL REVIEW

Plaintiff BYRONIESHA ALEXANDER who moves for a stay order to prevent Defendant Housing Authority of New Orleans ("HANO") from terminating the Housing Assistance Payments to Ms. Alexander's landlord, set to occur on December 31, 2024.

As laid out in her Memorandum in support, Ms. Alexander is likely to succeed on the merits of her case because HANO's hearing decision to terminate her assistance is arbitrary and capricious and contrary to HANO's own policy. Moreover, Ms. Alexander and her 14 year-old child with a disability face irreparable harm in the form of certain eviction and homelessness if HANO's action is not stayed until the Court can review its action. Further, Ms. Alexander would be unable to enter a new lease for the foreseeable future should HANO's decision go into effect and later be reversed. This is because she lacks funds to pay first month's rent plus deposit as required to enter most new rental agreements..

Respectfully submitted:

SOUTHEAST LOUISIANA LEGAL SERVICES

By: _____
JACK MUSE, LSBA #36237
1340 Poydras St. Suite 600
New Orleans, Louisiana 70112-2401
Telephone: (504) 529-1000, ext. 612
Fax: (504) 596-2241
jmuse@slls.org
*Attorney for Plaintiff Byroniesha Alexander*

1

**CERTIFICATE OF SERVICE**

I, the undersigned, do certify that a copy of the above motion has been served upon Defendant, by first class mail and electronic mail this 23rd day of *December* , 2024.

Paul Tassin, LSBA #40069

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO.                                                              Division:

BYRONIESHA ALEXANDER

VERSUS

HOUSING AUTHORITY OF NEW ORLEANS

FILED: _____          _____
                                            DEPUTY CLERK

## STAY ORDER

Considering the Emergency Motion for Stay of Housing Authority Decision Pending

Judicial Review, the irreparable injury at issue, and the plausible merit of the petition, and this

Court's authority in para materia to the statutory authorization under La. R.S. 49:978.1 to issue

an ex parte stay while the case is on judicial review:

**IT IS ORDERED** that the hearing decision dated November 18, 2024, terminating Ms.

Alexander's housing assistance as of December, 2024 is STAYED until further order of this

Court;

    [and/or]

**IT IS FURTHER ORDERED** that if the Housing Authority of New Orleans wishes to

terminate the stay it shall show cause on the _____ day of _____, 2025 at

_____ o'clock ___.m., why HANO should not be stayed from terminating Ms.

Alexander's assistance, set to terminate on December 31, 2024, or may at a later date file a Rule

to Show Cause why the stay should not be terminated

    [and if a hearing is ordered]

3



**IT IS FURTHER ORDERED** that if Defendant seeks to have the Court's stay decision be based on the administrative record, at least 3 working days before the hearing Defendant shall file with the Court and deliver to Plaintiff's counsel a complete copy of the administrative record.

Signed in New Orleans, Louisiana on _____, 2024, at _____ o'clock ____.m.

_____
JUDGE

Service instructions on next page.

Please Serve:

Housing Authority of New Orleans
Through Counsel, Tiffany Boveland
4100 Touro St.
New Orleans, LA 70122

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO.                                                          Division:

BYRONIESHA ALEXANDER

VERSUS

HOUSING AUTHORITY OF NEW ORLEANS

FILED: _____        _____
                                                    DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR STAY OF HOUSING AUTHORITY DECISION PENDING JUDICIAL REVIEW

### I. INTRODUCTION

The underlying petition for remand arises from the Housing Authority of New Orleans'

decision to uphold the termination of Ms. Alexander's Housing Choice Voucher Program

("HCVP") benefits. Unless immediately stayed, Ms. Alexander's termination will go into effect

on December 31, 2024, and HANO will cease making Housing Assistance Payments to Ms.

Alexander's landlord as of January 1, 2024. Ms. Alexander cannot afford to pay the full rent by

herself because of her limited income.[1] Immediately thereafter, Ms. Alexander's landlord can file

a petition to evict Ms. Alexander from her home for nonpayment of rent. If this happens, Ms.

Alexander and her child will be rendered homeless and will suffer severe emotional, academic,

and economic harm.

There is no specific statute governing the judicial review, but courts have recognized a

right to judicial review as to agencies outside the state's Administrative Procedure Act and have

applied similar procedure by analogy. La. R.S. § 49:978.1 in the Louisiana Administrative

Procedure Act authorizes an *ex parte* stay.

### II. STAY PROCEDURE

The judicial review procedures of the Louisiana Administrative Procedures Act

("LAPA") permit a reviewing court to order "a stay *ex parte* upon appropriate terms . . . ." La.

---

[1] All supporting factual allegations are verified by Plaintiff Byroniesha Alexander in her
accompanying Petition for Judicial Review of Housing Authority Decision to Terminate Housing
Assistance. Except for some facts supporting irreparable injury, these same facts will appear in
the hearing record, once compiled for the Court by Defendant.



R.S. § 49:978.1(C) (emphasis added). LAPA does not apply to local housing authorities, which are political subdivisions of the state. La. R.S. 40:406(B) (exempting housing authorities from LAPA); La. R.S. § 49:951(3) (specifying state agencies are subject to the LAPA). However, where "no standard of judicial review is set out in the law . . . the most logical standard is that set forth in . . . analogous, cases ... and. . . under the Administrative Procedure Act." *Messina v. Rapides Par. Police Jury*, 373 So. 2d 745, 749 (La. App. 3d Cir. 1979), *writ denied*, 376 So. 2d 1268 (La. 1979).[2]

Notably at least one Louisiana Court of Appeal has upheld a stay of a housing authority's decision to terminate a participant's Housing Choice Voucher Program benefits during judicial review. *Williams v. Hous. Auth. of City of Slidell*, No. 2015 CA 0624, 2015 WL 6951286 (La. App. 1st Cir. Nov. 9, 2015) (styled as a preliminary injunction).

The LAPA provision permitting a stay is not unique. Judicial reviews that get filed directly in the Courts of Appeal are also explicitly subject to a stay: "A stay pending review by the Court of Appeal of any ruling or decision of an administrative body may be granted either by that body or by the Court of Appeal only in those matters where the authority is expressly granted by law or in exercise of supervisory jurisdiction by the Court of Appeal." La. Unif. R. Cts. App. 3-1.4.

The LAPA provides that in ordering an *ex parte* stay, the Court may also choose to "require that the stay be granted in accordance with the local rules of the reviewing court pertaining to injunctive relief and the issuance of temporary restraining orders." La. R.S. § 49:978.1. The Orleans Local Rule on Duty Judges provides with regard to administrative stays that they are to be heard by the Duty Judge and counsel should certify as to notice to opposing counsel and support the irreparable injury in verified petition or affidavits, at 1(F):

> All requests for an administrative stay must be presented to the Duty Judge and will be processed similar to a request for a temporary restraining order (CCP Art. 3603) in the following manner:
>
> an application for an administrative stay must be by a verified petition of appeal and/or by supporting affidavits stating specific facts which show that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in

---

[2] Decided just prior to the amendment of LAPA on June 20, 1979; rehearing denied on August 15, 1979.

> opposition to the granting of the administrative stay and the applicant or
> his attorney must certify to the Court in writing what efforts have been
> made to give notice to the adverse party of the request for an
> administrative stay or the reasons supporting his claim that notice would
> not be given to the adverse party.

As such, this Court can grant relief *ex parte.* similar to a temporary restraining order, and The Order provided with this motion then allows Defendant counsel to be heard as to the continuing status of the stay order if they wish to contest it, with the Court setting a date for this hearing. It also allows HANO to pass on that hearing and file a later Rule to Show cause if it wants.

Counsel's certification of notice appears as Exhibit 1.

The factors Louisiana courts have considered when determining whether a stay of an administrative adjudication decision pending judicial review is appropriate are:

> (1) Has the petitioner made a strong showing that he is likely to prevail on the merits?
> (2) Has the petitioner shown that without such relief, he will sustain irreparable injury?
> (3) Would the issuance of the stay order substantially harm other parties interested in the proceedings?
> (4) Where does the public interest lie?

*Summers v. Sutton*, 428 So. 2d 1121, 1125 (La. App. 1st Cir. 1983) *(citing Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)).

## III. FACTUAL BACKGROUND

The following facts set out in the administrative record, and confirmed by the attached verified Petition for Judicial Review of Housing Authority Decision to Terminate Housing Assistance are pertinent to this memorandum:

HANO is planning to terminate Ms. Alexander's housing assistance on December 31, 2024, because of its hearing officer's finding that she allegedly did not comply with a HANO request to supply information relevant to her income and that the information she provided was false or incomplete. But the hearing officer's concern was that Ms. Alexander's tax forms listed more income than she reported to HANO. A tax attorney provided by SLLS then amended Ms. Alexander's tax returns to list the correct income. But HANO refused to alter course based on the information in her amended returns.

8

Ms. Alexander is a single mother who lives with her fourteen-year-old son. She has no regular income. As a result she relies on a housing subsidy through the HCV program, administered by the Housing Authority of New Orleans.

In 2021, Ms. Alexander reported unemployment as her only source of income when she completed her Application for Continued Occupancy on May 23, 2021. Ms. Alexander made no wage income in calendar year 2021. On June 21, 2022, Ms. Alexander reported contributions from her brother as her only source of income at the time. Ms. Alexander did not report what HANO would consider "sporadic income" and therefore not included in Ms. Alexander's annual income, *see* HANO Administrative Plan sec. 8.5.1.[3]

On May 31, 2024, HANO sent Ms. Alexander a notice proposing to terminate her assistance for failure to supply required information and failure to provide truthful and complete information, in violation of her family obligations under the program. Specifically, HANO alleged that Ms. Alexander's 2021 and 2022 tax transcripts listed wages and business income that she had not reported to HANO.

Ms. Alexander was not aware of the wages and business income reported on her tax transcripts until HANO brought it to her attention. These amounts were not accurate and were reported by her tax preparer without her knowledge or consent.

Ms. Alexander timely requested an informal hearing and retained Southeast Louisiana Legal Services Low Income Taxpayer Clinic attorney R. Paul Tuttle who amended her 2021 and 2022 tax returns to reflect the correct wages and business income. These amended returns were filed with the IRS on July 15, 2024.

The informal hearing was held on July 24, 2024. At the hearing, Ms. Alexander explained that she did not make the wages and business income her tax preparer reported in her tax returns and submitted the 2021 and 2022 amended returns into evidence.

HANO nonetheless issued a decision to terminate her housing assistance, effective December 31. As a result of the hearing decision based on erroneous information, Ms. Alexander

---

[3] Housing Authority of New Orleans, *Housing Choice Voucher Program Administrative Plan* (Sept. 1, 2023) (HUD Approved May 25, 2023), https://hano.org/plans/HANO_HCVP_AdminPlan_9-2023.pdf.

and her child face imminent eviction and homelessness when their housing assistance payments are terminated on December 31, 2024. Because of Ms. Alexander's limited income, she cannot afford rent on the private market. HANO pays all of her rent because of her low income. If HANO stops making its payments to her landlord, her landlord can move to evict her the first week of January 2025. She and her child would be forced to move . She cannot afford to pay for a storage unit, so she would likely lose many of her belongings and furniture. She and her child will experience severe physical and emotional harm being homeless without anywhere to go. And Ms. Alexander would be unable to enter a new lease for the foreseeable future should HANO's decision go into effect and later be reversed. This is because she lacks funds to make the first month's rent plus deposit as required to enter most new rental agreements.

## IV.    APPLICABLE LAW

### a.  Standard of Review – Judicial Review

The judicial review procedures of the Louisiana Administrative Procedure Act ("LAPA") do not apply to local housing authorities, which are political subdivisions. La. R.S. 40:406(B) (exempting housing authorities from LAPA); La. R.S. § 49:951(3) (specifying *state* agencies are subject to the LAPA). However, as set out below Louisiana courts have repeatedly held that judicial review exists outside of LAPA.

The Third Circuit thoroughly analyzed the authorities and applied them to a Housing Authority decision to remove a board member where, like the absence of express authority in the Housing Authorities Law for appeal of a termination decision, "nowhere in the Housing Authority's law is there set forth the procedure for appeal of such removal." *Messina v. Rapides Par. Police Jury*, 373 So. 2d 745, 748 (La. App. 3d Cir. 1979), *writ denied*, 376 So. 2d 1268 (La. 1979).[4] It followed in part Fourth Circuit decisions regarding other non-statutory administrative reviews. *Gertler v. City of New Orleans*, 346 So. 2d 228 (La. App. 4th Cir. 1977); *River Oaks-Hyman Place Homeowners Civic Ass'n v. City of New Orleans*, 281 So. 2d 293 (La. App. 4th Cir. 1973). But it also looked at the analogous Administrative Procedure Act and other cases in deciding:

---

[4] Decided just prior to the amendment of LAPA on June 20, 1979; rehearing denied on August 15, 1979.

> [T]he most logical standard is that set forth in the above, analogous, cases involving school boards, civil service boards, zoning boards, and an executive order in an adjudicatory proceeding under the Administrative Procedure Act, to-wit [whether the decision below is]:
>
> (1) In accordance with authority and formalities of the law and
> (2) Supported by substantial evidence, in that the action was not arbitrary or capricious or an abuse of discretion.

*Messina*, 373 So. 2d at 749; *see also Tanner v. Baton Rouge*, 422 So. 1263 (La. App. 1st Cir. 1982), *writ denied*, 429 So. 2d 128 (La. 1983).; *Cochran v. City of Baton Rouge*, 399 So.2d 656 (La. App. 1st Cir. 1981).

Moreover, the Fourth Circuit recently affirmed the existence of a cause of action to review HANO's termination decisions in *D'Aquin v. Hous. Auth. of New Orleans*, 2024-0584 (La. App. 4 Cir. 11/13/24), __ So.3d __ (Supreme Court writ application filed).

Even where a government body is **expressly exempted or excluded from LAPA,** judicial review of the body's decisions is available. *See Collector of Revenue v. Murphy Oil Co.*, 351 So. 2d 1234, 1236 (La. App. 4 Cir. 1977) (though the Board of Tax Appeals' decision was specifically exempted from LAPA, it was nonetheless subject to review for whether the Board correctly applied the law and whether its findings of fact were supported by substantial evidence).

Ms. Alexander requests that the November 18, 2024, decision terminating her housing assistance as of December 31, 2024, be stayed while HANO reconsiders its decision to terminate in light of Ms. Alexander's amended tax returns.

### b. Standard of Review – Stay

Plaintiff requests that the November 18, 2024, decision terminating her housing assistance as of December 31, 2024 be stayed pending judicial review, and that Housing Assistance Payments to her landlord continue through the pendency of this case.

As previously established, the Louisiana Administrative Procedures Act ("LAPA") does not apply to housing authorities, but "[w]here no standard of judicial review is set out in the law . . . the most logical standard is that set forth in . . . analogous, cases ... and. . . under the Administrative Procedure Act." *Messina*, 373 So. 2d at 749. LAPA permits a reviewing court to order "a stay *ex parte* upon appropriate terms . . . ." La. R.S. § 49:978.1(C) (emphasis added).

## V.    ARGUMENT

**a. Ms. Alexander is likely to prevail on the merits of her judicial review claims because HANO's decision to terminate for failure to supply required information, and failure to provide truthful and complete information, was incorrect, arbitrary and capricious, an abuse of discretion, and not based on substantial evidence.**

"An administrative decision is arbitrary when the administrative agency has disregarded evidence or given inappropriate weight to evidence; the decision is capricious when the agency's conclusion has no substantial basis or is contrary to substantiated competent evidence." *Cranford v. Louisiana State Bd. of Prac. Nurse Examiners*, 996 So. 2d 590, 602 (citing *Coliseum Square Ass'n v. City of New Orleans*, 544 So. 2d 351 (La. 1989)).

Here, Ms. Alexander is likely to succeed in her claim that HANO's decision was arbitrary and capricious and not based on substantial evidence. In her administrative hearing, Ms. Alexander testified that the wages and business income on her 2021 and 2022 tax returns were inaccurate and reported without her knowledge or consent. She filed amended returns prior to the hearing, assuming a significant financial liability, and submitted the amended returns into evidence at the hearing. Nevertheless, HANO upheld its decision to terminate based on the amounts acknowledged to be incorrect rather than the correct numbers contained in her amended returns.

The administrative decision to terminate Ms. Alexander's housing assistance is not based on substantial evidence. Rather, it is based on information known to be false and willfully ignores evidence of the correct information contained in Ms. Alexander's amended 2021 and 2022 tax returns. HANO's disregard of relevant evidence renders its decision arbitrary and capricious.

**b. Ms. Alexander will suffer irreparable injury if the motion for stay is not granted.**

"Irreparable injury is an injury or loss that cannot be adequately compensated in money damages, or is not susceptible to measurement by pecuniary standards." *Easterling v. Est. of Miller*, 184 So.3d 222, 229 (La. App. 4 Cir. 2015) (in the context of preliminary injunction).

Here, there is no apparent path to getting monetary damages from HANO based on its termination decision. While above-cited decisions establish that judicial review is available, the

question of whether public entities should incur damages liability for how they perform their public functions is entirely different and such relief is usually unavailable.

Louisiana courts have found that eviction and the prospect of homelessness constitute irreparable harm. *See Williams v. Hous. Auth. of City of Slidell*, 2015-0624 (La. App. 1 Cir. 11/9/15), 2015 WL 6951286, at *3 (finding that "eviction of an indigent tenant from public or subsidized housing has repeatedly been found to present irreparable injury"); *Robbins v. State Through State Land Off.*, 97-671, p. 966 (La. App. 3d Cir. 12/17/97), 704 So. 2d 961, 966, *writ denied*, 98-0176, p. 9 (La. 3/20/98), 715 So. 2d 1214 (affirming finding of irreparable harm sufficient to enjoin eviction because "[l]oss of the 'reasonable enjoyment' of one's home often cannot be adequately compensated by the payment of money."); *Cardona v. Rivera*, No. 2011 CA 0749, 2011 WL 5420815, at *5 (La. App. Nov. 9, 2011) (affirming trial court finding that plaintiff "would be irreparably harmed because he would be without his home and his home place."); *S. Cotton-Oil Co. v. Leathers*, 50 La. Ann. 134, 135, 23 So. 201, 201 (1897) ("The loss of the shelter of one's house, if lost by an act of injustice, is another instance of injury which may not be compensated for in money.") (dicta).

If HANO is not immediately enjoined from terminating Ms. Alexander's HCV Program assistance on December 31, 2024, Ms. Alexander and her child can be evicted for nonpayment because HANO will not make a housing assistance payment on January 1, 2025. Ms. Alexander cannot afford to pay the rent without her HCV Program subsidy because of her limited income. If evicted, she and her child will experience homelessness, loss of much of their furniture and personal possessions, and severe mental anguish. The threat of irreparable harm, should a stay order not be issued, is clear.

    **c.  Other parties interested in the proceeding will not be harmed, and the public interest favors a stay.**

Other parties interested in the proceeding will not be harmed by a stay order. A stay order would mean that HANO would be required to maintain the status quo, and continue to issue Housing Assistance Payments to Ms. Alexander's landlord during this proceeding. However, this is a judicial review proceeding, not an ordinary proceeding. Judicial review is based on the existing (relatively limited) administrative record, there is no discovery, and therefore the matter

should not take more than six months to resolve. This is not significantly longer than the time HANO already delayed implementation while waiting for its own administrative appeal decision.[5] Any cost to HANO is modest compared to the irreparable harm that Ms. Alexander would suffer.

The public interest also favors a stay. This case involves a low-income, single mother and her fourteen-year-old son who will be rendered homeless without a stay. The public has an interest in administrative bodies complying with state law and their own policies, and administering programs in accordance with their mission. *See Dep't of Pub. Safety & Corr., Off. of Youth Servs. v. Savoie*, 569 So. 2d 139, 143 n.2 (La. App. 1 Cir. 1990) (citing *Cent. La. Elec. Co.* 377 So. 2d 1188) ("There is a strong public interest in requiring a government agency to follow its own rules and regulations.")

## VI. CONCLUSION

For the reasons outlined herein, Plaintiff's application for a stay should be granted. Specifically, a stay order would require HANO to continue to issue Housing Assistance Payments to Ms. Alexander's landlord, and to continue all other program benefits pending judicial review. Should the Court wish to schedule this matter for hearing rather than granting relief *ex parte*, Plaintiff asks the Court to schedule a hearing prior to December 31, 2024, when her termination decision is set to go into effect.

Respectfully submitted:

SOUTHEAST LOUISIANA LEGAL SERVICES

By: _____

JACK MUSE, LSBA #36237
1340 Poydras St. Suite 600
New Orleans, Louisiana 70112-2401
Telephone: (504) 529-1000, ext. 612
Fax: (504) 596-2241
jmuse@slls.org
*Attorney for Plaintiff Byroniesha Alexander*

---

[5] The Notice of Proposed Termination issued May 31, 2024, with the decision issued November 18, 2024.

14

## CERTIFICATE OF SERVICE

I, the undersigned, do certify that a copy of the above motion has been served upon Defendant, by first class mail and electronic mail this 23rd day of December , 2024.

Paul Tassin, LSBA #40069

**EXHIBIT**
**1**

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO.                                                        Division:

BYRONIESHA ALEXANDER

VERSUS

HOUSING AUTHORITY OF NEW ORLEANS

FILED: _____

_____
DEPUTY CLERK

### AFFIDAVIT OF NOTICE

STATE OF LOUISIANA
PARISH OF ORLEANS

**BEFORE ME,** the undersigned Notary Public, personally came and appeared

PAUL TASSIN, who after being duly sworn and deposed did state the following:

1. I am a staff attorney at Southeast Louisiana Legal Services.

2. On December 23, 2024, I notified Defendant Housing Authority of New Orleans

   ("HANO") through counsel Tiffany Boveland that SLLS intended to file suit and seek an

   emergency stay in this matter.

3. My correspondence is attached as Exhibit A.

I declare under penalty of perjury that the forgoing statements are true and correct.

_____
Paul Tassin

**SWORN TO AND SUBSCRIBED**
**BEFORE ME THIS** 23 **DAY OF** December , 2024.

_____
**NOTARY PUBLIC**

Corina Lopez
Notary Public
Bar No. 40435, ID No. 192002
State of Louisiana
My Commission is for Life



12/23/24, 12:49 PM    Southeast Louisiana Legal Services Mail - Byroniesha Alexander: Petition for Judicial Review and Emergency Motion to Stay

Case 2:25-cv-00066-JTM-EJD    Document 1-2    Filed 01/08/25    Page 22 of 100

 Gmail

EXHIBIT
A

Paul Tassin <ptassin@slls.org>

## Byroniesha Alexander: Petition for Judicial Review and Emergency Motion to Stay

**Paul Tassin** <ptassin@slls.org>                                          Mon, Dec 23, 2024 at 12:49 PM
To: Tiffany Boveland <tboveland@hano.org>
Cc: Jack Muse <jmuse@slls.org>, David Williams <dwilliams@slls.org>

Good afternoon, Ms. Boveland,

Attached please find copies of HCV participant Byroniesha Alexander's Petition for Judicial Review and Emergency Motion to Stay, which I am filing with the court today.

Attorney Jack Muse (copied) is counsel of record in this case. He will be back in office Monday, December 30. Between now and then you are welcome to contact me with any questions or concerns.



--
**Paul Tassin**
Staff Attorney, Housing Law Unit
Southeast Louisiana Legal Services
1340 Poydras St., Suite 600
New Orleans, LA 70112
Phone (504) 529-1000 ext. 614

### CONFIDENTIALITY NOTICE
THIS ELECTRONIC MAIL TRANSMISSION AND THE DOCUMENTS ACCOMPANYING IT MAY CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE SENDER WHICH IS PROTECTED BY THE ATTORNEY/CLIENT PRIVILEGE. THE INFORMATION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY.

**2 attachments**

📄 **241223-Emergency Motion and MIS-AlexanderB.pdf**
    1023K

📄 **241223-Petition for Judicial Review-AlexanderB.pdf**
    613K



**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

NO.                                                                Division:

2024- 11594          **BYRONIESHA ALEXANDER**

**VERSUS**

**HOUSING AUTHORITY OF NEW ORLEANS**

                                                                **SECTION 5**

FILED: _____

                                        **DEPUTY CLERK**

**PETITION FOR JUDICIAL REVIEW OF HOUSING AUTHORITY DECISION TO**
**TERMINATE HOUSING ASSISTANCE**

NOW INTO COURT, through undersigned counsel, comes BYRONIESHA

ALEXANDER, a person of full age of majority, who for this petition alleges and says:

**PRELIMINARY STATEMENT**

1.

Plaintiff Byroniesha Alexander is the single mother of a child in his freshman year of

high school who receives housing assistance benefits because of her low income.

2.

Ms. Alexander depends on this housing assistance from the Housing Choice Voucher

Program which is administered by Defendant Housing Authority of New Orleans ("HANO").

3.

Unknown to her, her tax preparer reported income she did not earn on her income tax

returns. HANO proposed to terminate her housing assistance based on the discrepancy between

the income reported to HANO and that reported on her taxes.

4.

Ms. Alexander has amended her taxes to correct the income figure reported there. But

HANO is still terminating her housing assistance because of the income originally misreported

on her taxes.

5.

1



VERIFIED
12/23/24

Ms. Alexander seeks judicial review and reversal of HANO's decision as arbitrary and capricious.

## PARTIES AND VENUE

6.

Ms. Alexander is a person of the age of majority residing in Orleans Parish.

7.

Housing Authority of New Orleans ("HANO") is a political subdivision of the state of Louisiana that operates conventional public housing and issues rental assistance under the Housing Choice Voucher ("HCV") Program, commonly known as Section 8.

8.

Venue is proper in this District because the acts complained of occurred here, Ms. Alexander resides here, and HANO has its offices and conducts its business here.

## FACTUAL ALLEGATIONS

9.

Ms. Alexander is a single mother who lives with her fourteen-year-old son.

10.

Ms. Alexander has no regular income and so is unable to pay market rent and relies on a housing subsidy through the HCV program, administered by HANO, to be able to afford housing for her and her son.

11.

Under the HCV program, HANO pays Housing Assistance Payments to private landlords to subsidize some, and sometimes all, of the cost of rent for participating tenants. Based on her current income, HANO currently subsidizes the full amount of Ms. Alexander's rent.

12.

HCV program participants agree to comply with certain family obligations, including to supply any information requested by HANO for use in a regularly scheduled reexamination or

2

interim reexamination of family income and composition. HANO Administrative Plan sec. 15.2.

Information the participant supplies to HANO must be true and complete. *Id.*

13.

Violation of a family obligation (other than those related to certain drug-related, violent

criminal activity, and alcohol abuse prohibitions) is a discretionary ground for termination of

voucher assistance. HANO Administrative Plan sec. 19.3. "In making its decision to terminate

assistance, HANO may consider alternatives and specific circumstances and may, on a

case-by-case basis, choose not to terminate assistance." *Id.*

14.

While some types of criminal activity may be grounds for mandatory termination, those

grounds are limited to offenses not at issue in this case: sex related offenses, manufacture or

production of methamphetamine, illegal drug abuse, and drug-related or violent criminal activity.

HANO Administrative Plan secs. 19.2.5, 19.2.9, 19.2.11, and 19.2.12, respectively.

15.

When HANO proposes termination, the participant is entitled to notice and an informal

hearing. HANO Administrative Plan secs. 18.5 and 19.9.

16.

HANO's decision on termination must be based on a preponderance of the evidence.

HANO Administrative Plan sec. 19.7.

17.

HANO has a choice of remedies besides termination. Their choice must account for

certain types of mitigating factors:

> In the case of family-caused errors or program abuse, HANO **will** take into consideration:
> - The seriousness of the offense and the extent of participation or culpability of individual family members;
> - Any special circumstances surrounding the case;
> - Any mitigating circumstances related to the disability of a family member;
> - The effects of a particular remedy on family members who were not involved in the offense.

3

HANO Administrative Plan sec. 20.7 (emphasis added).

18.

On May 31, 2024, HANO sent Ms. Alexander a notice proposing to terminate her from the HCV program for (1) failure to supply required information, and (2) failure to provide truthful and complete information, in violation of her family obligations under the program.

19.

The allegations were based on Ms. Alexander's 2021 and 2022 tax returns, which listed wages and business income that she had not reported to HANO.

20.

Tax preparers in Louisiana are unregulated and tax preparer fraud is common.

21.

Tax preparers often falsely report unearned income for low income clients, in order to qualify for the "Earned Income Credit" and generate a tax refund or enlarge an existing tax refund. Many preparers doing so often keep much of the extra refund for themselves.

22.

Ms. Alexander was not aware of the wage and business income reported to the IRS until HANO brought it to her attention. The wages and business income were not accurate and were reported by her tax preparer without her knowledge or consent.

23.

Ms. Alexander timely requested an informal hearing on HANO's termination proposal.

24.

Ms. George contacted Southeast Louisiana Legal Services Low Income Tax Clinic attorney R. Paul Tuttle. At Ms. Alexander's request, Mr. Tuttle prepared amended tax returns for 2021 and 2022. The amended returns were filed on July 15, 2024, in advance of Ms. Alexander's informal hearing.

4

25.

Mr. Tuttle determined that by amending her returns, Ms. Alexander would incur a debt to the IRS of at least $5,000, plus possible interest and penalties.

26.

At her HANO appeal hearing, Ms. Alexander provided the hearing officer with her amended returns and proposed continuing the hearing so that it could be accurately determined what amount, if any, she had been overpaid in housing assistance.

27.

On November 27, 2024, HANO e-mailed Ms. Alexander notice of its decision dated November 18, 2024, to uphold the termination of housing assistance for her and her son. A copy of the decision letter was later delivered by mail on December 5, 2024.

28.

The hearing officer set the effective date of the termination for December 31, 2024.

## IRREPARABLE INJURY

29.

Ms. Alexander and her 14 year-old son have no alternative housing available and cannot afford to pay market rate rent. They face imminent eviction and homelessness when their housing assistance payments are terminated on December 31, 2024.

30.

She cannot afford to pay for a storage unit, so she would likely lose many of her belongings and furniture

31.

Further, Ms. Alexander would be unable to enter a new lease for the foreseeable future should HANO's decision go into effect and later be reversed. This is because she lacks funds to to pay first month's rent plus deposit as required to enter most new rental agreements.

5

## FIRST CLAIM FOR RELIEF

**The Hearing Officer's decision is arbitrary and capricious because its finding of facts are based on income reported in her original tax returns which Ms, Alexander acknowledged to be wrong and assumed a significant liability to correct before the hearing**

### 32.

Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

### 33.

HANO's findings of fact included that Ms. Alexander failed to report $14,690 of wages for calendar year 2021 when she submitted her Application for Continuing Occupancy on May 23, 2021.

Ms. Alexander did not make $14,690 in wages in 2021 and did not tell her tax preparer that she did.

### 34.

Ms. Alexander immediately took corrective action when she learned of the false representation of her income, assuming a significant financial liability to do so.

### 35.

When she filed her amended return for 2021 on July 15, 2024, she reported the same amount she certified in her Application for Continuing Occupancy: *zero*.

### 36.

This information was available at the hearing, and the amended 2021 tax return was submitted into evidence.

### 37.

Ms. Alexander testified that she did not make $14,690 in wages in 2021 and that that number was provided to the IRS without her knowledge or consent.

### 38.

Nevertheless, the decision to terminate Ms. Alexander's housing assistance is premised on the erroneous numbers on the original.

39.

The hearing officer's findings of fact also included that Ms. Alexander failed to report $9,918 in wages and $6,364 and business income for calendar year 2022 when she submitted her Application for Continuing Occupancy on June 21, 2022.

40.

Ms. Alexander did not earn $9,918 in wages and $6,364 in business income in calendar year 2022 and did not tell her tax preparer that she did.

41.

Ms. Alexander reported her income as required when she certified her Application for Continuing Occupancy on June 21, 2022.

42.

She assumed a significant financial liability to amend the 2022 returns before the hearing.

43.

The correct numbers were provided to the hearing officer through her amended 2022 returns that were submitted into evidence.

44.

The hearing officer ignored those numbers and instead relied on inflated amounts that Ms. Alexander acknowledged to be inaccurate and provided evidence of her actual income for 2022.

45.

The decision to terminate Ms. Alexander's housing assistance is an abuse of direction e. t based on the arbitrary and capricious decision to rely on the false reporting of a tax preparer instead of her actual income from calendar years 2021 and 2022.

**SECOND CLAIM FOR RELIEF**

**HANO's decision is arbitrary and capricious because Ms. Alexander was terminated for improper conduct  for which program termination is not authorized, rather than for unreported income.**

**46.**

Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

**47.**

Ms. Alexander was not terminated from the program because of unreported income. She was terminated because her income tax forms reported her income inaccurately, even though she was not the person who made this error.

**48.**

Termination from the HCV program is permitted only for violation of specific program requirements. Termination for criminal activity is limited to offenses involving drugs, violence, or sexual abuse.

**49.**

Misreporting of income on income tax forms, even if it had been done by Ms. Alexander, is not an authorized basis for termination from the program.

**50.**

Upon information and belief, HANO's claim that the termination is based on unreported income is pretextual, and HANO understands the error lies in the nonexistent income reported by Ms. Alexander's tax preparer, not in the income information she reported to HANO.

**51.**

As a result, Ms. Alexander is not being terminated for any alleged violation of her family obligations. Ms. Alexander is being terminated for someone else's  conduct, which has victimized her and her family and that is not enumerated in HANO's administrative plan. Purporting to base her termination on a failure of family obligations is both arbitrary and capricious and an abuse of direction

8

## THIRD CLAIM FOR RELIEF

**The Hearing Officer's decision is arbitrary and capricious and an abuse of discretion because it did not consider mitigating factors, as required by HANO's Administrative Plan.**

**52.**

Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

**53.**

HANO's Administrative Plan **requires** that HANO consider the following when determining whether to terminate assistance for family caused errors and/or program abuse:

- The seriousness of the offense and the extent of participation or culpability of individual family members;
- Any special circumstances surrounding the case;
- Any mitigating circumstances related to the disability of a family member; and
- The effects of a particular remedy on family members who were not involved in the offense.

HANO Administrative Plan sec. 20.7 (emphasis added).

**54.**

The hearing officer failed to consider any of these factors, including the fact that Ms. Alexander's child would face eviction and homelessness if the termination was upheld.

**55.**

The hearing officer also failed to consider that Ms. Alexander was a victim of tax preparer fraud, and took steps to correct the error on her tax returns as soon as it was brought to her attention, despite incurring liability to the IRS.

**56.**

HANO's failure to follow its own policy that requires consideration of the above mitigating factors renders the hearing officer's decision arbitrary and capricious and an abuse of discretion.

9

## FOURTH CLAIM FOR RELIEF

**HANO'S Decision to Terminate Assistance is Based on an Arbitrary and Capricious Shifting of the Burden Rather than Substantial Evidence**

57.

Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58.

The decision to uphold the termination of Ms. Alexander's assistance cites to section 19.7 of it's administrative, "Criteria for Deciding to Terminate Assistance":

> HANO will terminate assistance if a preponderance of evidence indicates that a household member has engaged in the activity. "Preponderance of the evidence" is defined as evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is evidence which as a whole shows that the fact sought to be proved is more probable than not.

59.

The hearing officer then states that a violation of a family obligation, specifically a failure to supply required information, was established because *Ms. Alexander did not prove* that "incomes reported on your IRS tax returns were prepared, submitted and processed in a fraudulent manner to the IRS."

60.

The only evidence put forward by the hearing officer is that "[t]he IRS needs your signature when a tax return is prepared prior to submission".

61.

Third parties can be authorized to sign a document on a taxpayer's behalf and it is common practice for tax preparers to assume such authority.

62.

The decision to terminate Ms. Alexander's housing assistance for not meeting a burden she does not carry to prove the wrongdoing of someone else is arbitrary and capricious, an abuse of discretion and not supported by substantial evidence.

10

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff respectfully requests that this Court:

a.   Allow Plaintiff to file this action and proceed *in forma pauperis*;

b.   Stay HANO's proposed decision to terminate Plaintiff Byroniesha Alexander's housing assistance pending the outcome of this case, or if remanded, pending any new administrative hearing decision on her case;

c.   Order the Defendant to file the complete record of its administrative review of Ms. Alexander's proposed termination from the HCV program for the court's review;

d.   After review of the record and hearing any arguments of counsel, reverse Defendant's decision as not based on substantial evidence, arbitrary, capricious, and an abuse of discretion; and

e.   Tax costs of this proceeding to the Defendant; and

f.   Award other relief as this Court may deem to be just and proper.

Respectfully submitted:

SOUTHEAST LOUISIANA LEGAL SERVICES

By: _____

JACK MUSE, LSBA #36237
1340 Poydras St. Suite 600
New Orleans, Louisiana 70112
Telephone: (504) 529-1000, ext. 612
Fax: (504) 596-2241
Email: jmuse@slls.org

*Attorney for Plaintiff Byroniesha Alexander*

Please Serve:

Housing Authority of New Orleans
Through Counsel, Tiffany Boveland
4100 Touro St.
New Orleans, LA 70122

11

FILED
2024 DEC 23 PM 1:32
CIVIL
DISTRICT COURT

## VERIFICATION

**STATE OF LOUISIANA**
**PARISH OF ORLEANS**

BEFORE ME, the undersigned authority, personally came and appeared **BYRONIESHA**

**ALEXANDER** who, being by me first duly sworn, deposed; that she is the plaintiff in the

attached Petition, and that all allegations of fact made in the Petition, except those allegations

expressly made on information and belief, affiant believes to be true.

BYRONIESHA ALEXANDER

**SWORN TO AND SUBSCRIBED**
**BY ME ON THIS** _20th_ **DAY OF** _December_ , **2024.**

**NOTARY PUBLIC**

Paul R. Tassin
Notary Public
Notary ID No. 187187
Orleans Parish, Louisiana

12



FILED

2025 JAN 08   P 01:53
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2024-11594                                                    DIVISION "I-5"

BYRONIESHA ALEXANDER

VERSUS

HOUSING AUTHORITY OF NEW ORLEANS

FILED: _____        _____

                                                            DEPUTY CLERK

**HOUSING AUTHORITY OF NEW ORLEANS'**
**NOTICE OF FILING OF NOTICE OF REMOVAL**

        **PLEASE TAKE NOTICE THAT** on January 8, 2025, Defendant in the above-

captioned action removed this matter to the United States District Court for the Eastern District of

Louisiana, by filing a **Notice of Removal** in that Court. A copy of the **Notice of Removal** is

annexed hereto as Exhibit 1. Accordingly, and pursuant to 28 U.S.C. § 1446(d), this Court may

proceed no further unless and until the case is remanded.

Dated: January 8, 2025                    Respectfully submitted,

                                                        */s/ Kathryn M. Knight*
                                                        Kathryn M. Knight, La. Bar No. 28641
                                                        Rachel W. Wisdom, La. Bar No. 21167
                                                        Katelyn N. McGibney, La. Bar Roll No. 39979
                                                        Stone Pigman Walther Wittmann L.L.C.
                                                        909 Poydras Street, Suite 3150
                                                        New Orleans, Louisiana 70112
                                                        Telephone: (504) 581-3200
                                                        Facsimile: (504) 581-3361
                                                        Email: kknight@stonepigman.com
                                                                    rwisdom@stonepigman.com
                                                                    kmcgibney@stonepigman.com

                                                        ***Attorneys for Housing Authority of New Orleans***

**C E R T I F I C A T E**

        I hereby certify that a copy of the above and foregoing Notice of Filing of Notice

of Removal has been served upon all counsel of record by placing same in the United States mail,

postage prepaid and properly addressed, and by e-mail, this 8th day of January, 2025.

                                                        */s/ Kathryn M. Knight*

VERIFIED

Kasie Jiles
5735400v.1

2025 JAN 09   A 11:36

FILED

2025 JAN 08  P 01:53
CIVIL
DISTRICT COURT

# Exhibit 1

FILED

2025 JAN 08  P 01:53
CIVIL
DISTRICT COURT

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BYRONIESHA ALEXANDER,** | **CIVIL ACTION NO.** |
| **Plaintiff** | |
| **VERSUS** | **JUDGE:** _____ |
| **HOUSING AUTHORITY OF NEW ORLEANS,** | |
| **Defendant** | **MAGISTRATE JUDGE:**_____ |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, Housing Authority of New Orleans ("HANO"), with a full reservation of all exceptions, rights, and defenses it has or may have, hereby removes the above-captioned action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and states as follows:

1.      On or about December 23, 2024, Plaintiff, Byroniesha Alexander ("Plaintiff"), commenced this action by filing a *Petition for Judicial Review of Housing Authority Decision to Terminate Housing Assistance* ("Petition") against HANO in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing docket number 2024-11594, attached as Exhibit A. As of the drafting of this Notice of Removal, HANO has not been formally served with the Petition.

2.      Plaintiff is a participant in the Housing Choice Voucher Program (the "Program") pursuant to Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. § 1437f. Under the

FILED

2025 JAN 08  P 01:53

CIVIL
DISTRICT COURT

Program, HANO subsidizes housing costs for Plaintiff and her fourteen-year-old son.[1]  As a participant in the Program, Plaintiff is required to comply with certain regulations promulgated by the Department of Housing and Urban Development ("HUD"), "including to supply any information requested by HANO for use in a regularly scheduled reexamination or interim reexamination of family income and composition."[2]  Any violations of Plaintiff's obligations can result in termination of housing assistance.[3]

      3.      HANO proposed termination of Plaintiff's housing assistance after finding that Plaintiff violated certain obligations set forth in the HUD regulations.[4]  Specifically, HANO proposed termination of Plaintiff's housing assistance for Plaintiff's "failure to supply required information" and her "failure to provide truthful and complete information" regarding her wage and business income.[5]  Pursuant to 24 C.F.R. § 982.555(a) and 42 U.S.C. § 1437d(k), Plaintiff requested an informal hearing regarding the proposed termination.[6]  Upon review of the record and evidence in the course of the informal hearing, HANO determined that the decision to terminate Plaintiff's housing assistance should be upheld, based on the following violations: (i) Plaintiff's failure to supply information and documents as required under 24 C.F.R. § 982.551(b)(2) and (ii) Plaintiff's failure to provide truthful and complete information in violation of 24 C.F.R. § 982.551(b)(4).[7]

---

[1]      Petition at ¶ 11.

[2]      *See generally* 24 C.F.R. § 982.551 (listing obligations of Program participants); Petition at ¶ 12.

[3]      *See* 24 C.F.R. §§ 982.552, 982.553.

[4]      Petition at ¶ 18.

[5]      *Id.* at ¶¶ 18-19.

[6]      *Id.* at ¶ 23.

[7]      A copy of HANO's Informal Hearing Decision is attached hereto as Exhibit B.

5735423v.1

E-Filed

FILED

2025 JAN 08   P 01:53

CIVIL
DISTRICT COURT

4.     After receiving HANO's Informal Hearing Decision, Plaintiff then filed the

Petition claiming that HANO's decision to terminate her housing was "arbitrary and capricious and

an abuse of discretion" for the following reasons:

> (a)     the hearing officer's decision erroneously relied upon "false reporting of a
>
> tax preparer instead of [Plaintiff's] actual income . . .";
>
> (b)     HANO's decision to terminate Plaintiff's housing assistance is based upon
>
> the tax preparer's conduct, not Plaintiff's and "[m]isreporting of income on
>
> income tax forms . . . is not an authorized basis for termination from the
>
> program";
>
> (c)     the hearing officer failed to consider mitigating factors enumerated in
>
> HANO's Administrative Plan and failed to consider that Plaintiff is a
>
> "victim of tax preparer fraud . . . "; and
>
> (d)     HANO incorrectly placed the burden on Plaintiff to show that her tax
>
> returns were fraudulently prepared.[8]

In support of her allegations, Plaintiff cites to various provisions of HANO's

Administrative Plan ("Plan"), which is governed by Section 8 of the U.S Housing Act of 1937, as

amended, 42 U.S.C. § 1437f and the regulations promulgated thereunder.[9]   Thus, Plaintiff's

allegations are based upon HANO's alleged infringement of federal regulations promulgated by

---

[8]     Petition at ¶¶ 45, 49, 51, 53-55, and 62.

[9]     *See* the Plan Section 1.3 ("The Housing Authority of New Orleans [] administers the HCV
[Housing Choice Voucher] program in conformance with all applicable federal, state and local
regulatory requirements."); *Id.* at Section 1.4 (listing various parts of 24 C.F.R. as regulations
governing "HANO's HCV program and Administrative Plan."); 24 C.F.R. § 982.52(a) ("The PHA
[Public Housing Authority, such as HANO] must comply with HUD regulations and other HUD
requirements for the program."); 24 C.F.R. § 982.54(a) ("The PHA must adopt a written
Administrative Plan that establishes local policies for administration of the program in accordance
with HUD requirements.").

FILED

2025 JAN 08  P 01:53

CIVIL

DISTRICT COURT

HUD. Accordingly, Plaintiff's causes of action are grounded in federal law, thereby giving rise to federal question jurisdiction.[10]

     5.     As set out more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because HANO has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

     6.     HANO now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing of Notice of Removal in the state court in which this case was previously pending.

## I.    HANO HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

     7.     This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331, which vests federal courts with original jurisdiction over causes of action created by federal law, because Plaintiff asserts claims based on alleged violations of 24 C.F.R. § 982.1, *et seq.*; Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. § 1437f, and the federal regulations associated therewith. Accordingly, this dispute and the resolution thereof involve the construction, application, and effect of federal law.

     8.     Plaintiff filed the Petition in Civil District Court for the Orleans Parish on December 23, 2024. That same day, Plaintiff also filed an *Emergency Motion for Stay of Housing*

---

[10]     *See, e.g.*, *Mire v. DISA Glob. Sols., Inc.*, No. 18-137-BAJ-RLB, 2018 WL 3245085, at *3 (M.D. La. June 11, 2018) (to determine whether federal-question jurisdiction exists, the court examines "the face of the complaint [for] some substantial, disputed question of federal law"); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001) ("[t]o bring a case within the [federal question jurisdiction] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action") (quoting *Gully First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)).

FILED

2025 JAN 08 P 01:53

CIVIL
DISTRICT COURT

*Authority Decision Pending Judicial Review* ("Emergency Motion"). The Emergency Motion is set for hearing on January 9, 2025. HANO was served with the Emergency Motion on January 7, 2025; however, as of the drafting of this Notice of Removal, HANO has not yet been served with the Petition. Despite not receiving proper service of the Petition, HANO files this Notice of Removal out of an abundance of caution in advance of the January 9, 2025, hearing in Civil District Court.

9.     There exists an actual and justiciable controversy between Plaintiff and HANO with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

10.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the Civil District Court for the Parish of Orleans, State of Louisiana.

11.     No previous application has been made for the relief requested herein.

12.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders and all other filings in the state court action are attached as Exhibit C.

13.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of the Notice of Removal will be given to all adverse parties promptly after filing of same. *See* Exhibit D.

14.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana. *See* Exhibit D.

15.     HANO is the sole defendant named in Plaintiff's Petition. Accordingly, pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served consent to the removal of this action.

- 5 -

16.     The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules

of Civil Procedure and the Local Civil Rules of this District Court.

## II.     REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331.

17.     Removal is proper under 28 U.S.C. § 1441 because the Court has original

jurisdiction pursuant to 28 U.S.C. § 1331, which states that federal courts have "original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

States."[11]

18.     Plaintiff's claims are based upon HANO's Administrative Plan, which is

governed by federal statutes and the regulations promulgated thereunder and therefore Plaintiff's

claims "aris[e] under the Constitution, laws, or treaties of the United States."[12]  Even if the Petition

did not plead a federal cause of action, federal question jurisdiction pursuant to 28 U.S.C. § 1331

does not require that a complaint plead a federal cause of action.[13]  Rather, a complaint must only

involve a "'controversy respecting the construction and effect of the [federal] laws'" which

controversy is "'sufficiently real and substantial.'"[14]

19.     For example, this Court has held that claims governed by federal law,

including the U.S. Housing Act of 1937 and HUD regulations promulgated thereunder, conferred

federal question jurisdiction because resolution of the dispute required the Court to interpret

federal regulations, which in turn could impact how HUD administered the Section 8 Voucher

---

[11]     *See also Zeigler v. Hous. Auth. of New Orleans*, No. 10-2956, 2011 WL 39008, at *3 (E.D. La. Jan. 5, 2011).

[12]     28 U.S.C. § 1331.

[13]     *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308 (2005).

[14]     *Id.* at 316 (quoting *Hopkins v. Walker*, 244 U.S. 486, 489 (1917)); *Drawhorn v. Qwest Commc'ns Int'l, Inc.,* 121 F. Supp. 2d 554, 562 (E.D. Tex. 2000).

- 6 -

FILED

2025 JAN 08  P 01:53

CIVIL

DISTRICT COURT

Program.[15]  Moreover, jurisdiction under 28 U.S.C. § 1331 has been found even when the federal

regulation at issue does not provide a private right of action, where resolution of the matter

depended upon the court's determination of whether the defendant breached its duty under federal

law.[16]

          20.     As in *BFNO* and *Pendleton*, the claims alleged in the Petition arise under

federal law and are governed by federal law; and therefore, resolution of this matter requires

construction of federal law and regulations.  Simply put, it is impossible to determine whether

HANO's decision to terminate Plaintiff's housing assistance was improper without resort to federal

law and regulations.

          21.     Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1331 and 1441.

## III.   CONCLUSION

          Resolution of this dispute requires analysis of federal rules and regulations and

insight into how those regulations govern the relationship between HANO, a political subdivision

of the State of Louisiana, and Plaintiff.  Considering the possibility of more plaintiffs filing

petitions alleging similar claims, resolution of this matter arguably will impact how HANO

---

[15]     *BFNO Props., LLC v. Hous. Auth. of New Orleans*, No. 15-300, 2015 WL 1737844, *1 (E.D. La. Apr. 16, 2015); *see also One & Ken Valley Hous. Grp. v. Me. State Hous. Auth.*, 716 F.3d 218, 223-225 (1st Cir. 2013) (finding federal question jurisdiction existed over HAP contract [Housing Assistance Payments Contract] dispute between state housing authority and owner of housing rental projects because the dispute involved a "federal contractor's implementation of a federal program; the contracts at issue were drafted and approved by a federal agency and signed by a federal official; and plaintiffs allege that the contractor [state housing authority] was in breach of the agreement by following a guideline promulgated by a federal agency pursuant to a federal statute"); *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 467 (7th Cir. 2015) (finding federal question jurisdiction existed where "resolution of [the] case turn[ed] on issues of federal law—specifically, the application of 42 U.S.C. § 1437f and related regulations and notices promulgated by HUD").

[16]     *Pendleton Pines Assocs., L.L.C. v. Ledic Mgmt., L.L.C.*, 354 F. Supp. 2d 775 (W.D. Tenn. 2005).

- 7 -

5735423v.1

FILED

2025 JAN 08  P 01:53

CIVIL
DISTRICT COURT

administers the federal Section 8 Voucher Program and future decisions involving termination of housing vouchers. This is especially true given the several related cases currently pending in this district court.[17]

Simply put, this matter involves analysis and application of federal law, the outcome of which could affect future action in related matters. Accordingly, this Court is properly vested with subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

**WHEREFORE**, Defendant, Housing Authority of New Orleans, prays that this Notice of Removal will be deemed good and sufficient and that this matter will be removed from the docket of the Civil District Court for the Parish of Orleans and accepted onto this Court's docket.

Date: January 8, 2025                    Respectfully submitted,

*/s/ Kathryn M. Knight*
Kathryn M. Knight [T.A.], La. Bar No. 28641
Rachel W. Wisdom, La. Bar No. 21167
Katelyn N. McGibney, La. Bar Roll No. 39979
Stone Pigman Walther Wittmann L.L.C.
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone: (504) 581-3200
Facsimile: (504) 581-3361
Email: kknight@stonepigman.com
          rwisdom@stonepigman.com
          kmcgibney@stonepigman.com

*Attorneys for Housing Authority of New Orleans*

---

[17]    See *Iesha Martin v. Housing Authority of New Orleans*, No. 2:24-cv-01884 and *Keishanna George v. Housing Authority of New Orleans*, No. 2:24-cv-02854.

- 8 -

# **CERTIFICATE**

I hereby certify that a copy of the above and foregoing Notice of Removal has been

served upon all counsel of record by placing same in the United States mail, postage prepaid and

properly addressed and by e-mail, this 8th day of January, 2025.

*/s/ Kathryn M. Knight*

5735423v.1

E-Filed

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

2025 JAN 08 AT 01:53

| I. (a) PLAINTIFFS | DEFENDANTS | CIVIL |
|---|---|---|
| Alexander, Byroniesha | Housing Authority of New Orleans | DISTRICT COURT |

**(b)** County of Residence of First Listed Plaintiff  Orleans Parish, LA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Orleans Parish, LA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jack Muse/ SLLS/ 1340 Poydras St., Suite 600, New Orleans 70112/ (504) 529-1000 ext. 612

Attorneys *(If Known)*
Kathryn M. Knight/ Stone Pigman/ 909 Poydras St., Suite 3150, New Orleans 70112/ (504) 581-3200

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* | |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☒ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. 1437f, 24 C.F.R. 982.1 et seq., and 24 C.F.R. 5.2005
Brief description of cause:
Breach of duties under federal HUD regulations

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*
JUDGE  Jane Triche Milazzo
DOCKET NUMBER  24-1884 and 24-2854

DATE  January 8, 2025
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
E-Filed RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE

FILED

2025 JAN 08   P 01:53

CIVIL

DISTRICT COURT

# Exhibit A

Case 2:25-cv-00066-JDD Document 13-1 Filed 01/21/25 Page 48 of 100

### CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO.

2024- 11594

**BYRONIESHA ALEXANDER**

**VERSUS**

**HOUSING AUTHORITY OF NEW ORLEANS**

Division:



SECTION 5

FILED: _____

**DEPUTY CLERK**

### PETITION FOR JUDICIAL REVIEW OF HOUSING AUTHORITY DECISION TO TERMINATE HOUSING ASSISTANCE

NOW INTO COURT, through undersigned counsel, comes BYRONIESHA

ALEXANDER, a person of full age of majority, who for this petition alleges and says:

#### PRELIMINARY STATEMENT

1.

Plaintiff Byroniesha Alexander is the single mother of a child in his freshman year of

high school who receives housing assistance benefits because of her low income.

2.

Ms. Alexander depends on this housing assistance from the Housing Choice Voucher

Program which is administered by Defendant Housing Authority of New Orleans ("HANO").

3.

Unknown to her, her tax preparer reported income she did not earn on her income tax

returns. HANO proposed to terminate her housing assistance based on the discrepancy between

the income reported to HANO and that reported on her taxes.

4.

Ms. Alexander has amended her taxes to correct the income figure reported there. But

HANO is still terminating her housing assistance because of the income originally misreported

on her taxes.

5.

INFORMA-PAUPERIS

1

VERIFIED
12/23/24

Ms. Alexander seeks judicial review and reversal of HANO's decision as arbitrary and capricious.

## PARTIES AND VENUE

### 6.

Ms. Alexander is a person of the age of majority residing in Orleans Parish.

### 7.

Housing Authority of New Orleans ("HANO") is a political subdivision of the state of Louisiana that operates conventional public housing and issues rental assistance under the Housing Choice Voucher ("HCV") Program, commonly known as Section 8.

### 8.

Venue is proper in this District because the acts complained of occurred here, Ms. Alexander resides here, and HANO has its offices and conducts its business here.

## FACTUAL ALLEGATIONS

### 9.

Ms. Alexander is a single mother who lives with her fourteen-year-old son.

### 10.

Ms. Alexander has no regular income and so is unable to pay market rent and relies on a housing subsidy through the HCV program, administered by HANO, to be able to afford housing for her and her son.

### 11.

Under the HCV program, HANO pays Housing Assistance Payments to private landlords to subsidize some, and sometimes all, of the cost of rent for participating tenants. Based on her current income, HANO currently subsidizes the full amount of Ms. Alexander's rent.

### 12.

HCV program participants agree to comply with certain family obligations, including to supply any information requested by HANO for use in a regularly scheduled reexamination or

2

FILED

2025 JAN 08  P 01:53

CIVIL

DISTRICT COURT

interim reexamination of family income and composition. HANO Administrative Plan sec. 15.2.

Information the participant supplies to HANO must be true and complete. *Id.*

13.

Violation of a family obligation (other than those related to certain drug-related, violent

criminal activity, and alcohol abuse prohibitions) is a discretionary ground for termination of

voucher assistance. HANO Administrative Plan sec. 19.3. "In making its decision to terminate

assistance, HANO may consider alternatives and specific circumstances and may, on a

case-by-case basis, choose not to terminate assistance." *Id.*

14.

While some types of criminal activity may be grounds for mandatory termination, those

grounds are limited to offenses not at issue in this case: sex related offenses, manufacture or

production of methamphetamine, illegal drug abuse, and drug-related or violent criminal activity.

HANO Administrative Plan secs. 19.2.5, 19.2.9, 19.2.11, and 19.2.12, respectively.

15.

When HANO proposes termination, the participant is entitled to notice and an informal

hearing. HANO Administrative Plan secs. 18.5 and 19.9.

16.

HANO's decision on termination must be based on a preponderance of the evidence.

HANO Administrative Plan sec. 19.7.

17.

HANO has a choice of remedies besides termination. Their choice must account for

certain types of mitigating factors:

In the case of family-caused errors or program abuse, HANO **will** take into consideration:
- The seriousness of the offense and the extent of participation or culpability of individual family members;
- Any special circumstances surrounding the case;
- Any mitigating circumstances related to the disability of a family member;
- The effects of a particular remedy on family members who were not involved in the offense.

3

HANO Administrative Plan sec. 20.7 (emphasis added).

18.

On May 31, 2024, HANO sent Ms. Alexander a notice proposing to terminate her from the HCV program for (1) failure to supply required information, and (2) failure to provide truthful and complete information, in violation of her family obligations under the program.

19.

The allegations were based on Ms. Alexander's 2021 and 2022 tax returns, which listed wages and business income that she had not reported to HANO.

20.

Tax preparers in Louisiana are unregulated and tax preparer fraud is common.

21.

Tax preparers often falsely report unearned income for low income clients, in order to qualify for the "Earned Income Credit" and generate a tax refund or enlarge an existing tax refund. Many preparers doing so often keep much of the extra refund for themselves.

22.

Ms. Alexander was not aware of the wage and business income reported to the IRS until HANO brought it to her attention. The wages and business income were not accurate and were reported by her tax preparer without her knowledge or consent.

23.

Ms. Alexander timely requested an informal hearing on HANO's termination proposal.

24.

Ms. George contacted Southeast Louisiana Legal Services Low Income Tax Clinic attorney R. Paul Tuttle. At Ms. Alexander's request, Mr. Tuttle prepared amended tax returns for 2021 and 2022. The amended returns were filed on July 15, 2024, in advance of Ms. Alexander's informal hearing.

4

25.

Mr. Tuttle determined that by amending her returns, Ms. Alexander would incur a debt to the IRS of at least $5,000, plus possible interest and penalties.

26.

At her HANO appeal hearing, Ms. Alexander provided the hearing officer with her amended returns and proposed continuing the hearing so that it could be accurately determined what amount, if any, she had been overpaid in housing assistance.

27.

On November 27, 2024, HANO e-mailed Ms. Alexander notice of its decision dated November 18, 2024, to uphold the termination of housing assistance for her and her son. A copy of the decision letter was later delivered by mail on December 5, 2024.

28.

The hearing officer set the effective date of the termination for December 31, 2024.

## IRREPARABLE INJURY

29.

Ms. Alexander and her 14 year-old son have no alternative housing available and cannot afford to pay market rate rent. They face imminent eviction and homelessness when their housing assistance payments are terminated on December 31, 2024.

30.

She cannot afford to pay for a storage unit, so she would likely lose many of her belongings and furniture

31.

Further, Ms. Alexander would be unable to enter a new lease for the foreseeable future should HANO's decision go into effect and later be reversed. This is because she lacks funds to to pay first month's rent plus deposit as required to enter most new rental agreements.

5

## FIRST CLAIM FOR RELIEF

**The Hearing Officer's decision is arbitrary and capricious because its finding of facts are based on income reported in her original tax returns which Ms, Alexander acknowledged to be wrong and assumed a significant liability to correct before the hearing**

### 32.

Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

### 33.

HANO's findings of fact included that Ms. Alexander failed to report $14,690 of wages

for calendar year 2021 when she submitted her Application for Continuing Occupancy on May

23, 2021.

Ms. Alexander did not make $14,690 in wages in 2021 and did not tell her tax preparer

that she did.

### 34.

Ms. Alexander immediately took corrective action when she learned of the false

representation of her income, assuming a significant financial liability to do so.

### 35.

When she filed her amended return for 2021 on July 15, 2024, she reported the same

amount she certified in her Application for Continuing Occupancy: *zero*.

### 36.

This information was available at the hearing, and the amended 2021 tax return was

submitted into evidence.

### 37.

Ms. Alexander testified that she did not make $14,690 in wages in 2021 and that that

number was provided to the IRS without her knowledge or consent.

### 38.

6

Nevertheless, the decision to terminate Ms. Alexander's housing assistance is premised on the erroneous numbers on the original.

39.

The hearing officer's findings of fact also included that Ms. Alexander failed to report $9,918 in wages and $6,364 and business income for calendar year 2022 when she submitted her Application for Continuing Occupancy on June 21, 2022.

40.

Ms. Alexander did not earn $9,918 in wages and $6,364 in business income in calendar year 2022 and did not tell her tax preparer that she did.

41.

Ms. Alexander reported her income as required when she certified her Application for Continuing Occupancy on June 21, 2022.

42.

She assumed a significant financial liability to amend the 2022 returns before the hearing.

43.

The correct numbers were provided to the hearing officer through her amended 2022 returns that were submitted into evidence.

44.

The hearing officer ignored those numbers and instead relied on inflated amounts that Ms. Alexander acknowledged to be inaccurate and provided evidence of her actual income for 2022.

45.

The decision to terminate Ms. Alexander's housing assistance is an abuse of direction e. t based on the arbitrary and capricious decision to rely on the false reporting of a tax preparer instead of her actual income from calendar years 2021 and 2022.

## **SECOND CLAIM FOR RELIEF**

7

**HANO's decision is arbitrary and capricious because Ms. Alexander was terminated for improper conduct  for which program termination is not authorized, rather than for unreported income.**

**46.**

Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

**47.**

Ms. Alexander was not terminated from the program because of unreported income. She

was terminated because her income tax forms reported her income inaccurately, even though she

was not the person who made this error.

**48.**

Termination from the HCV program is permitted only for violation of specific program

requirements. Termination for criminal activity is limited to offenses involving drugs, violence,

or sexual abuse.

49.

Misreporting of income on income tax forms, even if it had been done by Ms. Alexander,

is not an authorized basis for termination from the program.

**50.**

Upon information and belief, HANO's claim that the termination is based on unreported

income is pretextual, and HANO understands the error lies in the nonexistent income reported by

Ms. Alexander's tax preparer, not in the income information she reported to HANO.

**51.**

As a result, Ms. Alexander is not being terminated for any alleged violation of her family

obligations. Ms. Alexander is being terminated for someone else's  conduct, which has

victimized her and her family and that is not enumerated in HANO's administrative plan.

Purporting to base her termination on a failure of family obligations is both arbitrary and

capricious and an abuse of direction

8

## THIRD CLAIM FOR RELIEF

**The Hearing Officer's decision is arbitrary and capricious and an abuse of discretion because it did not consider mitigating factors, as required by HANO's Administrative Plan.**

**52.**

Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

**53.**

HANO's Administrative Plan **requires** that HANO consider the following when

determining whether to terminate assistance for family caused errors and/or program abuse:

- The seriousness of the offense and the extent of participation or culpability of

    individual family members;

- Any special circumstances surrounding the case;

- Any mitigating circumstances related to the disability of a family member; and

- The effects of a particular remedy on family members who were not involved in

    the offense.

HANO Administrative Plan sec. 20.7 (emphasis added).

54.

The hearing officer failed to consider any of these factors, including the fact that Ms.

Alexander's child would face eviction and homelessness if the termination was upheld.

**55.**

The hearing officer also failed to consider that Ms. Alexander was a victim of tax

preparer fraud, and took steps to correct the error on her tax returns as soon as it was brought to

her attention, despite incurring liability to the IRS.

**56.**

HANO's failure to follow its own policy that requires consideration of the above

mitigating factors renders the hearing officer's decision arbitrary and capricious and an abuse of

discretion.

9

## FOURTH CLAIM FOR RELIEF

### HANO'S Decision to Terminate Assistance is Based on an Arbitrary and Capricious Shifting of the Burden Rather than Substantial Evidence

57.

Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

58.

The decision to uphold the termination of Ms. Alexander's assistance cites to section 19.7

of it's administrative, "Criteria for Deciding to Terminate Assistance":

> HANO will terminate assistance if a preponderance of evidence indicates that a
> household member has engaged in the activity. "Preponderance of the evidence" is
> defined as evidence which is of greater weight or more convincing than the evidence
> which is offered in opposition to it; that is evidence which as a whole shows that the fact
> sought to be proved is more probable than not.

59.

The hearing officer then states that a violation of a family obligation, specifically a failure

to supply required information, was established because *Ms. Alexander did not prove* that

"incomes reported on your IRS tax returns were prepared, submitted and processed in a

fraudulent manner to the IRS."

60.

The only evidence put forward by the hearing officer is that "[t]he IRS needs your

signature when a tax return is prepared prior to submission".

61.

Third parties can be authorized to sign a document on a taxpayer's behalf and it is

common practice for tax preparers to assume such authority.

62.

The decision to terminate Ms. Alexander's housing assistance for not meeting a burden

she does not carry to prove the wrongdoing of someone else is arbitrary and capricious, an abuse

of discretion and not supported by substantial evidence.

10

FILED

2025 JAN 08   P 01:53
CIVIL
DISTRICT COURT

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff respectfully requests that this Court:

a.   Allow Plaintiff to file this action and proceed *in forma pauperis*;

b.   Stay HANO's proposed decision to terminate Plaintiff Byroniesha Alexander's housing
     assistance pending the outcome of this case, or if remanded, pending any new
     administrative hearing decision on her case;

c.   Order the Defendant to file the complete record of its administrative review of Ms.
     Alexander's proposed termination from the HCV program for the court's review;

d.   After review of the record and hearing any arguments of counsel, reverse Defendant's
     decision as not based on substantial evidence, arbitrary, capricious, and an abuse of
     discretion; and

e.   Tax costs of this proceeding to the Defendant; and

f.   Award other relief as this Court may deem to be just and proper.

Respectfully submitted:

SOUTHEAST LOUISIANA LEGAL SERVICES

By: _____

JACK MUSE, LSBA #36237
1340 Poydras St. Suite 600
New Orleans, Louisiana 70112
Telephone: (504) 529-1000, ext. 612
Fax: (504) 596-2241
Email: jmuse@slls.org

*Attorney for Plaintiff Byroniesha Alexander*

Please Serve:

Housing Authority of New Orleans
Through Counsel, Tiffany Boveland
4100 Touro St.
New Orleans, LA 70122

11

E-Filed

FILED

2025 JAN 08 P 01:53

CIVIL
DISTRICT COURT

2024 DEC 23 PM 1:32
DISTRICT CIVIL COURT

## VERIFICATION

**STATE OF LOUISIANA**
**PARISH OF ORLEANS**

BEFORE ME, the undersigned authority, personally came and appeared **BYRONIESHA**

**ALEXANDER** who, being by me first duly sworn, deposed; that she is the plaintiff in the

attached Petition, and that all allegations of fact made in the Petition, except those allegations

expressly made on information and belief, affiant believes to be true.

BYRONIESHA ALEXANDER

**SWORN TO AND SUBSCRIBED**
**BY ME ON THIS** _20ᵗʰ_ **DAY OF** _December_ , **2024.**

**NOTARY PUBLIC**



Paul R. Tassin
Notary Public
Notary ID No. 187187
Orleans Parish, Louisiana

12

VERIFIED

E-Filed

FILED

2025 JAN 08   P 01:53

CIVIL

DISTRICT COURT

# Exhibit B



November 18, 2024


Byroniesha J. Alexander
2103 Bienville Street
New Orleans, LA 70112


> Re:  Informal Hearing Decision of Proposed Termination of Housing Choice
>      Voucher Program (HCVP) Participation - Byroniesha J. Alexander

Dear Byroniesha J. Alexander:

You requested an Informal Hearing of HANO's decision to terminate your HCVP participation. Your hearing was held on July 24, 2024 at 2:00 PM. After reviewing the record and based upon the evidence presented during the hearing the Proposed Termination of your HCVP participation is **Upheld**.

**Hearing Participants**

| Head of Household | Byroniesha J. Alexander – In Person |
|---|---|
| Participant's Representative | Jack Muse, Esq.. – Lawyer – Southeast Louisiana Legal Service |
| Administrative Analyst | Simone Moore |
| HANO Staff | Monica New |
| Other - HANO Staff | Rita Corass –  In Person |
| Other - | - |
| Other - | - |

**Proposed Termination Allegations**

| Violation | Alleged Actions |
|---|---|
| **Failure to Supply Required Information (Income Change) (24 CFR 982.551 (b) (2))** | HANO alleged: that you failed to report earnings as reported on your Internal Revenue Service (IRS) Income Tax Returns for calendar years 2021, and 2022. |
| **Truthful and Complete Information (24 CFR 982.551 (b)(4))** | HANO alleged: that you signed Applications for Continued Occupancy (ACO) certifying household income that did not include earning(s) reported on your IRS Tax Returns for 2021 and 2022 and employment income for household member, Larian Francios. |
| | HANO alleged: |

E-Filed

4100 Touro Street · New Orleans, Louisiana 70122 · (504) 670-3300 · FAX (504) 286-8229
The Housing Authority of New Orleans is an equal opportunity employer.        2-2017

FILED

2025 JAN 08   P 01:53

CIVIL

DISTRICT COURT

**Findings of Fact**

1. **You completed ACOs certifying household income that did not include your earnings as reported on your IRS Tax Returns for calendar years 2021 and 2022:**
   - **May 23, 2021: you listed unemployment benefits as your only source of household income.**
   - **June 21, 2022: you listed contributions benefits as your only source of household income.**
2. **The following earnings are reported on your IRS Tax Returns that you failed to report when completing ACOs certifying household income at HANO:**
   - **Calendar Year 2021:**
     - i. **IRS Tax Return reported wages of $14,690.00.**
   - **Calendar Year 2022:**
     - i. **IRS Tax return reported**
       1. **wages totaling 9,918.00.**
       2. **business Income totaling $6,364.00**
3. **June 8, 2021: Hire date for household member, Larian Francois, with Admiral Enforcement, LLC. Employment continued through June 16, 2023.**

**Discussion and Conclusion**

Due Process

HANO adequately provided you notice of your alleged violation on May 31, 2024. The notice stated the authority on which the Housing Authority relied to reach its decision, and you were afforded an opportunity to request a hearing.

Violation #1 – **Failure to Supply Required Information (Income Change) (24 CFR 982.551 (b) (2))**

During the informal hearing your attorney asserted that you reported your income correctly to the tax preparer and HANO, but the tax preparer reported the information incorrectly to the IRS. You testified that you signed the tax returns but did not look at the documents at all.

The IRS has a "Tax fraud alerts" section on the website that states, in part, the following:

"Taxpayers should be very careful when choosing a tax preparer. … a few unscrupulous return preparers file false and fraudulent tax returns and ultimately defraud their clients. It is important to know that even if someone else preparers your return, you are ultimately responsible for all the information on the tax return."

Your legal counsel admitted into the record 1040X amended tax returns for calendar years 2021 and 2022. It appears these documents were prepared by staff at Low Income Tax Preparer Clinic; specifically R. Paul Tuttle. These documents are accompanied by IRS Form 2848, Power of Attorney and Declaration of Representative signed by you 6/25/24. The packet of papers are inclusive of a Fax Cover Sheet to support that a the Form 2848 was faxed over to the IRS. Though the 1040-X amended tax returns are filled out, there was no indication that the forms had been filed with the IRS. HANO would need official documentation from the IRS to show that they received the amended return to calculate the amount owed to HANO, if anything.

Annually you complete HANO Form Housing Choice Voucher Program Family Obligations. Under the Family Responsibilities, it states in part the following:

**The family must**: Supply any information that HANO or HUD determines to be necessary… for use in … reexaminations of family income and composition.

According to HANO's administrative plan section "19.7 Criteria for Deciding to Terminate Assistance":

*HANO will terminate assistance if a preponderance of the evidence indicates that a household member has engaged in the activity. "Preponderance of the evidence" is defined as evidence which*

2

FILED
2025 JAN 08  P 01:53
CIVIL
DISTRICT COURT

*is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not.*

You have been found to be in violation of your family obligations for Failure to Supply Required Information/Income Change (24 CFR 982.551 (b) (2)). There was no evidence submitted by you or your legal counsel to support that incomes reported on your IRS Tax Returns were prepared, submitted, and processed in a fraudulent manner to the IRS. The IRS needs your signature when a tax return is prepared prior to submission. That required signature portion of an individual's tax return has the following disclaimer:

> Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete.

As a result of you failing to report earned income(s) to HANO at your annual recertifications, HANO overpaid Housing Assistance Payments (HAP) totaling $4,552.00 and Utility Allowance Payment (UAP) totaling $1,876.00 on behalf of your family… a combined total of $6,378.00.

## Violation #2 – **Truthful and Complete Information (24 CFR 982.551 (b)(4))**

Based on the evidence detailed in the first violation, you signed forms certifying that the information regarding your household composition income was truthful and complete. However, you did not have the earnings as reported on your IRS Tax Returns for calendar years 2021, and 2022 on either of the ACOs completed on the dates referenced in the Findings of Facts above. The ACOs you completed, signed, and submitted to HANO were under certification of the following:

> I hereby certify that I am the Head of Household and that all information on this application is true and accurate to the best of my knowledge and that the income for all household member has been reported.

The IRS Tax Return Forms you signed were a declaration that you had reviewed the documents and thus made you aware of the income included.

You have been found to be in violation of your family obligations due to your failure to provide Truthful and Complete Information (24 CFR 982.551 (b) (4) concerning your household income.

## Decision

1. HANO's proposal to terminate your program participation is **Upheld**.

2. Your HCVP assistance will be terminated effective **December 31, 2024.**

Sincerely,

*Simone R. Moore*

Simone R. Moore
Administrative Analyst
Housing Authority of New Orleans

CC:    File
       Monica New
       Rita Corass
       Sonja Young
       Djuna Glapion

Participant's Name    Byroniesha J. Alexander
Entity ID #           000049274

E-Filed       4100 Touro Street · New Orleans, Louisiana 70122 · (504) 670-3300 · FAX (504) 286-8229
The Housing Authority of New Orleans is an equal opportunity employer.       2-2017

FILED

2025 JAN 08   P 01:53

CIVIL

DISTRICT COURT

# Exhibit C

FILED

Byroniesha Alexander          \*          JUDICIAL DISTRICT 2025 JAN 08  P 01:53

**VERSUS**          \*          DOCKET NUMBER: _____ CIVIL
                                                        Div.
                                                        DISTRICT COURT

Housing Authority of New Orleans \*          PARISH, LOUISIANA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## In Forma Pauperis Affidavit

### All questions must be answered in full.

**Note:** Questions 2 and 3 should not be filled in if you are seeking protection from abuse.

1. **Your Full Name:** Buroniesha Joenay Alexander

   Social Security Number (Optional): ▮▮▮▮          Date of Birth: ▮▮▮▮

   Age: 34          Sex: _____

2. **Address:** 2103 Bienville St          New Orleans   LA   70112
   (Box Number or Street Address)          (City and State)          (Zip Code)
   (See Note above)

3. **Telephone Number(s):** (HOME) 504-729-7793 (WORK) N/A
   (See Note above)

4. **Are you a Student?** ☐ YES  ☑ NO  If yes, please indicate the name of the school you
   are attending: _____ N/A _____  Enrollment Status: N/A

5. **Current Household:**
   Single: ☐ Married: ☐ Separated: ☑ Divorced: ☐ Widowed: ☐ Intimate partner: ☐
   How many children do you support who are under 18? 1
   How many children live with you? 1 Do you have any other dependents? _____
   State the Name, Age and Relationship to you of the children and dependents:

   | NAME | AGE | RELATIONSHIP |
   |---|---|---|
   | Legend Dior Butler | 14 | Son |
   | La'Rian Haliiyah Francois | 25 | Sister |
   |  |  |  |
   |  |  |  |

6. **What is your current Occupation?** Insta Cart Shopper  **Are you employed?** ☑ YES ☐ NO
   (If yes, please complete the following **Employer Information**)
   Name of Employer: Insta Cart
   Address: 50 Beale St, Suite 600, San Francisco, CA 94105
           (Street Address)          (City and State)          (Zip Code)
   Telephone Number: 910-817-2278  How long have you been employed? 2 yrs

   (If you are not employed, please provide information of your **last employer**)
   Name of last employer: _____
   Address: _____
           (Street Address)          (City and State)          (Zip Code)
   How long have you been unemployed? _____
   What were your monthly wages? _____

7. **Gross Income:** (a) State your gross earned income from wages and how you are paid:
   Weekly? ☐ Bi-Weekly? ☐ Monthly? ☑  Amount/month $469.79
   \* sporadic, temporary, and approximate income from delivery services
   (b) Apart from income or support listed in response to question 8(b) below, how much other
   income do you receive on a monthly basis? 2024, n/A at this $0
                                                       time
   (c) Monthly Deductions: Federal Income Tax: $_____ FICA: $_____  $_____

   (d) Other deductions: (explain) _____

   **TOTAL NET MONTHLY INCOME:** (Add question 7 (a) + (b) less (c)) = $469.79

**8(a).** If you are married and live with a spouse, please answer:

Is your spouse employed? N/A   What is the occupation of your spouse? N/A

Is your spouse paid Weekly? ☐ Bi-Weekly? ☐ Monthly? ☐ Amount/month $_____

Name of spouse's employer: N/A

Address: N/A

_____
(Street Address)      (City and State)      (Zip Code)

Telephone Number: N/A   How long has spouse been employed? N/A

**8(b). Do you or your spouse receive any of the following income or support?** ☑ YES ☐ NO

If yes, state the monthly amount.  SSI: $ N/A   Disability: $ N/A

Worker's Comp: $ N   Unemployment Benefits: $ N/A

Food Stamps: $536.00   TANF: $ N/A   Child Support: $ N/A

Spousal Support: $ N/A   Kinship Care Subsidy Grant: $ N/A   Other: $_____

If you are a client of a legal services program funded by the Legal Service Corporation or a Pro Bono Project that receives referrals from a legal services program and have a combined income from questions 7 and 8 that is less than or equal to 125% of the federal poverty level, skip all parts of question 9, and continue with question 10 on the next page.

**9. Do you own or have an interest in any of the following?** (Including community property)

**A.**

| | VALUE OF INTEREST | BALANCE OWED |
|---|---|---|
| HOUSE | $ N/A | $ N/A |
| AUTOMOBILE | $ N/A | $ N/A |
| TRUCK | $ N/A | $ N/A |
| WATERCRAFT | $ N/A | $ N/A |
| LIVESTOCK | $ N/A | $ N/A |
| MACHINERY | $ N/A | $ N/A |
| STOCK | $ N/A | |
| BONDS | $ N/A | |
| CERTIFICATES OF DEPOSIT | $ N/A | |
| OTHER IMMOVABLE PROPERTY | Equity $ N/A | Debt $ N/A |

DO YOU HAVE A BANK ACCOUNT(S)? ☐ YES ☑ NO   Amount in account(s): $ N/A

☐ CHECKING ☐ SAVINGS   Name and Location of Bank: N/A

**TOTAL VALUE OF ASSETS: $ 0**

**B. i. List your Monthly Expenses:**

| | | |
|---|---|---|
| Rent: $ 0 Hand | Cable: $ N/A | Car Note: $ N/A |
| Lot Rent: $ N/A | Garbage: $ N/A | Car Insurance: $ N/A |
| House Note: $ N/A | Medical Insurance: $ Medicaid | Transportation: $ N/A |
| House Insurance: $ N/A | Medical Expenses: $ Medicaid | Food: $ |
| Gas: $ N/A | Dental Expenses: $ Medicaid | Barber/ Beauty: $ N/A |
| Electricity: $ -$39.00 | Prescriptions: $ Medicaid | Entertainment: $ N/A |
| Water: $ N/A | Life Insurance: $ N/A | Grooming Supplies: $ N/A |
| Telephone: $ $45.00 | Daycare: $ N/A | Garnishment: $ N/A |
| Property Taxes: $ N/A | Child Support: $ N/A | Other: $ |

**Total Amount of section i:** $ 84.00

**ii. Credit cards:** (List type of card and monthly payment)

| Card Name | Monthly Payment |
|---|---|
| N/A | $ N/A |
| N/A | $ N/A |
| N/A | $ N/A |
| N/A | $ N/A |

**Total Amount of section ii:** $ N/A

**iii. Financial Loans:** (List the financial institution and your monthly payment)

| Financial Name | Monthly Payment |
|---|---|
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |

**Total Amount of section iii:** $ N/A

**TOTAL MONTHLY EXPENSES:** (Add 9B (i+ii+iii) =Total Monthly Expenses)  $ 84.00

**10. Does anyone regularly help you pay your expenses?** ☑ YES ☐ NO

(a) If yes, state that person's name and relationship to you.
Name: Byron Butler          Relationship: Brother

(b). Do you have any additional income or assets that are not shown above? ☐ YES ☑ NO
   If you answered yes to either (a) or (b), please explain:

_____

_____

_____

**11. If you have an attorney, what arrangements have you made to pay your attorney's fee? What amount, if any, have you paid?** (You are required to answer fully.)
   Legal Aid attorney - free

**12. Has your attorney or the Notary Public told you that you may go to jail if you intentionally give a false answer to any of the above questions?** ☑ YES ☐ NO

## MOVER'S AFFIDAVIT

**STATE OF LOUISIANA**
**PARISH OF** ORLEANS

**BEFORE ME** the undersigned authority personally came and appeared:

BYRONIESHA J. ALEXANDER

who, after being duly sworn, deposed and said:

1. He/She provided the information above; that the information is furnished to the court for the purpose of requesting permission to litigate the above captioned lawsuit without paying the costs in advance or as they accrue or furnishing security therefor.

2. That the above information is a true and correct statement of his/her financial condition.

3. That the pleading and all allegations of fact therein are true and correct; and that because of his/her poverty and want of means, he/she is unable to pay the costs of court in advance or as they accrue, nor is he/she able to provide security therefor.

4. He/She has read and understands the privilege contained in the notice below.

## NOTICE

Although you may be granted the privilege of proceeding without prepayment of costs, **SHOULD JUDGMENT BE RENDERED AGAINST YOU, YOUR STATUS AS A PAUPER DOES NOT RELIEVE YOU OF THE OBLIGATION TO PAY THESE COSTS**.

The privilege to proceed *IN FORMA PAUPERIS* is restricted to litigants who are clearly entitled to do so, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the indiscriminate filing of lawsuits may be discouraged, without depriving a litigant of the benefit of proceeding *in forma pauperis* if he/she is entitled to do so.

_____
Mover's Signature

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in New Orleans Louisiana, this 20 day of December, 2024.

_____
NOTARY PUBLIC
ELIZABETH HARVEY
NOTARY ID # 38258
STATE OF LOUISIANA
PARISH OF ORLEANS
My Commission is for Life          Page 3 of 4

## THIRD PARTY AFFIDAVIT

**STATE OF LOUISIANA**
**PARISH OF** ORLEANS

BEFORE ME, personally came and appeared: JAVONTE RENE RICHARD
who, after being sworn, deposed and said that he/she knows BYRONIESHA ALEXANDER
well and that he/she knows that because of his/her poverty and want of means, he/she is unable
to pay the costs of court in advance or as they accrue, nor is he/she able to provide bond therefor.

_____
Signature of Witness

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in New Orleans
Louisiana, this 20 day of December, 2024.

_____
NOTARY PUBLIC

OFFICIAL SEAL
ELIZABETH HARVEY
NOTARY ID # 38258
STATE OF LOUISIANA
PARISH OF ORLEANS
My Commission is for Life

## LEGAL SERVICE PROGRAMS' DECLARATION

I ATTEST that I am a duly authorized representative of a Legal Services Program funded
by the Legal Service Corporation or a Pro Bono Project that receives referrals from one of these
Legal Service Programs, and that BYRONIESHA ALEXANDER has produced evidence
that he/she receives public assistance benefits, or that he/she has qualified to receive free legal
services based on his/her income being less than or equal to 125% of the federal poverty level
and therefore is entitled to a rebuttable presumption that he/she is entitled to the privilege of
litigating without prior payment of costs.

_____
Legal Services Program or Pro Bono Project Representative

## ORDER

**Considering the foregoing Pleading and Affidavits:**
let _____ prosecute or defend this litigation in accordance with
Louisiana Code of Civil Procedure, Article 5181, et. seq., without paying the costs in advance or
as they accrue or furnishing security therefor.

THUS, READ AND SIGNED, this _____ day of _____, 200___, in
_____, Louisiana.

_____
**DISTRICT JUDGE**

VERIFIED

Revised October 2003
Page 4 of 4
http://www.lasc.org/rules/dist.ct/COURTRULESAPPENDIX8.0.PDF

FILED

2025 JAN 08  P 01:53

CIVIL

DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO. 2024 - 11594

Division: 9

BYRONIESHA ALEXANDER

VERSUS

HOUSING AUTHORITY OF NEW ORLEANS

FILED: _____         _____

DEPUTY CLERK

## EMERGENCY MOTION FOR STAY OF HOUSING AUTHORITY DECISION PENDING JUDICIAL REVIEW

Plaintiff BYRONIESHA ALEXANDER who moves for a stay order to prevent

Defendant Housing Authority of New Orleans ("HANO") from terminating the Housing

Assistance Payments to Ms. Alexander's landlord, set to occur on December 31, 2024.

As laid out in her Memorandum in support, Ms. Alexander is likely to succeed on the

merits of her case because HANO's hearing decision to terminate her assistance is arbitrary and

capricious and contrary to HANO's own policy. Moreover, Ms. Alexander and her 14 year-old

child with a disability face irreparable harm in the form of certain eviction and homelessness if

HANO's action is not stayed until the Court can review its action. Further, Ms. Alexander would

be unable to enter a new lease for the foreseeable future should HANO's decision go into effect

and later be reversed. This is because she lacks funds to pay first month's rent plus deposit as

required to enter most new rental agreements..

Respectfully submitted:

SOUTHEAST LOUISIANA LEGAL SERVICES

By: _____

JACK MUSE, LSBA #36237
1340 Poydras St. Suite 600
New Orleans, Louisiana 70112-2401
Telephone: (504) 529-1000, ext. 612
Fax: (504) 596-2241
jmuse@slls.org
*Attorney for Plaintiff Byroniesha Alexander*

VERIFIED
12/23/24

INFORMA PAUPERIS

1

E-Filed

FILED

2025 JAN 08   P 01:53
CIVIL
DISTRICT COURT

## CERTIFICATE OF SERVICE

I, the undersigned, do certify that a copy of the above motion has been served upon

Defendant, by first class mail and electronic mail this 23rd day of December , 2024.

Paul Tassin, LSBA #40069

E-Filed

FILED

2025 JAN 08  P 01:53

CIVIL

DISTRICT COURT

### CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO. _____                                    Division: _____

#### BYRONIESHA ALEXANDER

#### VERSUS

#### HOUSING AUTHORITY OF NEW ORLEANS

FILED: _____

**DEPUTY CLERK**

### STAY ORDER

Considering the Emergency Motion for Stay of Housing Authority Decision Pending

Judicial Review, the irreparable injury at issue, and the plausible merit of the petition, and this

Court's authority in para materia to the statutory authorization under La. R.S. 49:978.1 to issue

an ex parte stay while the case is on judicial review:

**IT IS ORDERED** that the hearing decision dated November 18, 2024, terminating Ms.

Alexander's housing assistance as of December, 2024 is STAYED until further order of this

Court;

[and/or]

**IT IS FURTHER ORDERED** that if the Housing Authority of New Orleans wishes to

terminate the stay it shall show cause on the _____ day of _____, 2025 at

_____ o'clock ___.m., why HANO should not be stayed from terminating Ms.

Alexander's assistance, set to terminate on December 31, 2024, or may at a later date file a Rule

to Show Cause why the stay should not be terminated

[and if a hearing is ordered]

VERIFIED

3

FILED

2025 JAN 08   P 01:53

CIVIL

DISTRICT COURT

**IT IS FURTHER ORDERED** that if Defendant seeks to have the Court's stay decision

be based on the administrative record, at least 3 working days before the hearing Defendant shall

file with the Court and deliver to Plaintiff's counsel a complete copy of the administrative

record.

Signed in New Orleans, Louisiana on _____, 2024,

at _____ o'clock ____.m.

_____
JUDGE

Service instructions on next page.

4



Please Serve:

Housing Authority of New Orleans
Through Counsel, Tiffany Boveland
4100 Touro St.
New Orleans, LA 70122

5

FILED

2025 JAN 08  P 01:53

CIVIL
DISTRICT COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO.                                                                    **Division:**

### BYRONIESHA ALEXANDER

### VERSUS

### HOUSING AUTHORITY OF NEW ORLEANS

FILED: _____        _____

                                        **DEPUTY CLERK**

## MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR STAY OF HOUSING AUTHORITY DECISION PENDING JUDICIAL REVIEW

### I.  INTRODUCTION

The underlying petition for remand arises from the Housing Authority of New Orleans' decision to uphold the termination of Ms. Alexander's Housing Choice Voucher Program ("HCVP") benefits. Unless immediately stayed, Ms. Alexander's termination will go into effect on December 31, 2024, and HANO will cease making Housing Assistance Payments to Ms. Alexander's landlord as of January 1, 2024. Ms. Alexander cannot afford to pay the full rent by herself because of her limited income.[1] Immediately thereafter, Ms. Alexander's landlord can file a petition to evict Ms. Alexander from her home for nonpayment of rent. If this happens, Ms. Alexander and her child will be rendered homeless and will suffer severe emotional, academic, and economic harm.

There is no specific statute governing the judicial review, but courts have recognized a right to judicial review as to agencies outside the state's Administrative Procedure Act and have applied similar procedure by analogy. La. R.S. § 49:978.1 in the Louisiana Administrative Procedure Act authorizes an *ex parte* stay.

### II.  STAY PROCEDURE

The judicial review procedures of the Louisiana Administrative Procedures Act ("LAPA") permit a reviewing court to order "a stay ex parte upon appropriate terms . . . ." La.

---

[1] All supporting factual allegations are verified by Plaintiff Byroniesha Alexander in her accompanying Petition for Judicial Review of Housing Authority Decision to Terminate Housing Assistance. Except for some facts supporting irreparable injury, these same facts will appear in the hearing record, once compiled for the Court by Defendant.



R.S. § 49:978.1(C) (emphasis added). LAPA does not apply to local housing authorities, which are political subdivisions of the state. La. R.S. 40:406(B) (exempting housing authorities from LAPA); La. R.S. § 49:951(3) (specifying state agencies are subject to the LAPA). However, where "no standard of judicial review is set out in the law . . . the most logical standard is that set forth in . . . analogous, cases ... and. . . under the Administrative Procedure Act." *Messina v. Rapides Par. Police Jury*, 373 So. 2d 745, 749 (La. App. 3d Cir. 1979), *writ denied*, 376 So. 2d 1268 (La. 1979).[2]

Notably at least one Louisiana Court of Appeal has upheld a stay of a housing authority's decision to terminate a participant's Housing Choice Voucher Program benefits during judicial review. *Williams v. Hous. Auth. of City of Slidell*, No. 2015 CA 0624, 2015 WL 6951286 (La. App. 1st Cir. Nov. 9, 2015) (styled as a preliminary injunction).

The LAPA provision permitting a stay is not unique. Judicial reviews that get filed directly in the Courts of Appeal are also explicitly subject to a stay: "A stay pending review by the Court of Appeal of any ruling or decision of an administrative body may be granted either by that body or by the Court of Appeal only in those matters where the authority is expressly granted by law or in exercise of supervisory jurisdiction by the Court of Appeal." La. Unif. R. Cts. App. 3-1.4.

The LAPA provides that in ordering an *ex parte* stay, the Court may also choose to "require that the stay be granted in accordance with the local rules of the reviewing court pertaining to injunctive relief and the issuance of temporary restraining orders." La. R.S. § 49:978.1. The Orleans Local Rule on Duty Judges provides with regard to administrative stays that they are to be heard by the Duty Judge and counsel should certify as to notice to opposing counsel and support the irreparable injury in verified petition or affidavits, at 1(F):

> All requests for an administrative stay must be presented to the Duty Judge and will be processed similar to a request for a temporary restraining order (CCP Art. 3603) in the following manner:
>
> an application for an administrative stay must be by a verified petition of appeal and/or by supporting affidavits stating specific facts which show that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in

---

[2] Decided just prior to the amendment of LAPA on June 20, 1979; rehearing denied on August 15, 1979.

7

opposition to the granting of the administrative stay and the applicant or his attorney must certify to the Court in writing what efforts have been made to give notice to the adverse party of the request for an administrative stay or the reasons supporting his claim that notice would not be given to the adverse party.

As such, this Court can grant relief *ex parte.* similar to a temporary restraining order, and The Order provided with this motion then allows Defendant counsel to be heard as to the continuing status of the stay order if they wish to contest it, with the Court setting a date for this hearing. It also allows HANO to pass on that hearing and file a later Rule to Show cause if it wants.

Counsel's certification of notice appears as Exhibit 1.

The factors Louisiana courts have considered when determining whether a stay of an administrative adjudication decision pending judicial review is appropriate are:

(1) Has the petitioner made a strong showing that he is likely to prevail on the merits?
(2) Has the petitioner shown that without such relief, he will sustain irreparable injury?
(3) Would the issuance of the stay order substantially harm other parties interested in the proceedings?
(4) Where does the public interest lie?

*Summers v. Sutton*, 428 So. 2d 1121, 1125 (La. App. 1st Cir. 1983) (citing *Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)).

## III.    FACTUAL BACKGROUND

The following facts set out in the administrative record, and confirmed by the attached verified Petition for Judicial Review of Housing Authority Decision to Terminate Housing Assistance are pertinent to this memorandum:

HANO is planning to terminate Ms. Alexander's housing assistance on December 31, 2024, because of its hearing officer's finding that she allegedly did not comply with a HANO request to supply information relevant to her income and that the information she provided was false or incomplete. But the hearing officer's concern was that Ms. Alexander's tax forms listed more income than she reported to HANO. A tax attorney provided by SLLS then amended Ms. Alexander's tax returns to list the correct income. But HANO refused to alter course based on the information in her amended returns.

8

E-Filed

Ms. Alexander is a single mother who lives with her fourteen-year-old son. She has no regular income. As a result she relies on a housing subsidy through the HCV program, administered by the Housing Authority of New Orleans.

In 2021, Ms. Alexander reported unemployment as her only source of income when she completed her Application for Continued Occupancy on May 23, 2021. Ms. Alexander made no wage income in calendar year 2021. On June 21, 2022, Ms. Alexander reported contributions from her brother as her only source of income at the time. Ms. Alexander did not report what HANO would consider "sporadic income" and therefore not included in Ms. Alexander's annual income, *see* HANO Administrative Plan sec. 8.5.1.[3]

On May 31, 2024, HANO sent Ms. Alexander a notice proposing to terminate her assistance for failure to supply required information and failure to provide truthful and complete information, in violation of her family obligations under the program. Specifically, HANO alleged that Ms. Alexander's 2021 and 2022 tax transcripts listed wages and business income that she had not reported to HANO.

Ms. Alexander was not aware of the wages and business income reported on her tax transcripts until HANO brought it to her attention. These amounts were not accurate and were reported by her tax preparer without her knowledge or consent.

Ms. Alexander timely requested an informal hearing and retained Southeast Louisiana Legal Services Low Income Taxpayer Clinic attorney R. Paul Tuttle who amended her 2021 and 2022 tax returns to reflect the correct wages and business income. These amended returns were filed with the IRS on July 15, 2024.

The informal hearing was held on July 24, 2024. At the hearing, Ms. Alexander explained that she did not make the wages and business income her tax preparer reported in her tax returns and submitted the 2021 and 2022 amended returns into evidence.

HANO nonetheless issued a decision to terminate her housing assistance, effective December 31. As a result of the hearing decision based on erroneous information, Ms. Alexander

---

[3] Housing Authority of New Orleans, *Housing Choice Voucher Program Administrative Plan* (Sept. 1, 2023) (HUD Approved May 25, 2023), https://hano.org/plans/HANO_HCVP_AdminPlan_9-2023.pdf.

9

and her child face imminent eviction and homelessness when their housing assistance payments are terminated on December 31, 2024. Because of Ms. Alexander's limited income, she cannot afford rent on the private market. HANO pays all of her rent because of her low income. If HANO stops making its payments to her landlord, her landlord can move to evict her the first week of January 2025. She and her child would be forced to move . She cannot afford to pay for a storage unit, so she would likely lose many of her belongings and furniture. She and her child will experience severe physical and emotional harm being homeless without anywhere to go. And Ms. Alexander would be unable to enter a new lease for the foreseeable future should HANO's decision go into effect and later be reversed. This is because she lacks funds to make the first month's rent plus deposit as required to enter most new rental agreements.

## IV.   APPLICABLE LAW

### a.   Standard of Review – Judicial Review

The judicial review procedures of the Louisiana Administrative Procedure Act ("LAPA") do not apply to local housing authorities, which are political subdivisions. La. R.S. 40:406(B) (exempting housing authorities from LAPA); La. R.S. § 49:951(3) (specifying *state* agencies are subject to the LAPA). However, as set out below Louisiana courts have repeatedly held that judicial review exists outside of LAPA.

The Third Circuit thoroughly analyzed the authorities and applied them to a Housing Authority decision to remove a board member where, like the absence of express authority in the Housing Authorities Law for appeal of a termination decision, "nowhere in the Housing Authority's law is there set forth the procedure for appeal of such removal." *Messina v. Rapides Par. Police Jury*, 373 So. 2d 745, 748 (La. App. 3d Cir. 1979), *writ denied*, 376 So. 2d 1268 (La. 1979).[4] It followed in part Fourth Circuit decisions regarding other non-statutory administrative reviews. *Gertler v. City of New Orleans*, 346 So. 2d 228 (La. App. 4th Cir. 1977); *River Oaks-Hyman Place Homeowners Civic Ass'n v. City of New Orleans*, 281 So. 2d 293 (La. App. 4th Cir. 1973). But it also looked at the analogous Administrative Procedure Act and other cases in deciding:

---

[4] Decided just prior to the amendment of LAPA on June 20, 1979; rehearing denied on August 15, 1979.

10

E-Filed

[T]he most logical standard is that set forth in the above, analogous, cases involving school boards, civil service boards, zoning boards, and an executive order in an adjudicatory proceeding under the Administrative Procedure Act, to-wit [whether the decision below is]:

(1) In accordance with authority and formalities of the law and
(2) Supported by substantial evidence, in that the action was not arbitrary or capricious or an abuse of discretion.

*Messina*, 373 So. 2d at 749; *see also Tanner v. Baton Rouge*, 422 So. 2d 1263 (La. App. 1st Cir. 1982), *writ denied*, 429 So. 2d 128 (La. 1983).; *Cochran v. City of Baton Rouge*, 399 So.2d 656 (La. App. 1st Cir. 1981).

Moreover, the Fourth Circuit recently affirmed the existence of a cause of action to review HANO's termination decisions in *D'Aquin v. Hous. Auth. of New Orleans*, 2024-0584 (La. App. 4 Cir. 11/13/24), ___ So.3d ___ (Supreme Court writ application filed).

Even where a government body is ***expressly exempted or excluded from LAPA,*** judicial review of the body's decisions is available. *See Collector of Revenue v. Murphy Oil Co.*, 351 So. 2d 1234, 1236 (La. App. 4 Cir. 1977) (though the Board of Tax Appeals' decision was specifically exempted from LAPA, it was nonetheless subject to review for whether the Board correctly applied the law and whether its findings of fact were supported by substantial evidence).

Ms. Alexander requests that the November 18, 2024, decision terminating her housing assistance as of December 31, 2024, be stayed while HANO reconsiders its decision to terminate in light of Ms. Alexander's amended tax returns.

### b. Standard of Review – Stay

Plaintiff requests that the November 18, 2024, decision terminating her housing assistance as of December 31, 2024 be stayed pending judicial review, and that Housing Assistance Payments to her landlord continue through the pendency of this case.

As previously established, the Louisiana Administrative Procedures Act ("LAPA") does not apply to housing authorities, but "[w]here no standard of judicial review is set out in the law . . . the most logical standard is that set forth in . . . analogous, cases ... and. . . under the Administrative Procedure Act." *Messina*, 373 So. 2d at 749. LAPA permits a reviewing court to order "a stay *ex parte* upon appropriate terms . . . ." La. R.S. § 49:978.1(C) (emphasis added).

11

E-Filed

## V.  ARGUMENT

### a. Ms. Alexander is likely to prevail on the merits of her judicial review claims because HANO's decision to terminate for failure to supply required information, and failure to provide truthful and complete information, was incorrect, arbitrary and capricious, an abuse of discretion, and not based on substantial evidence.

"An administrative decision is arbitrary when the administrative agency has disregarded evidence or given inappropriate weight to evidence; the decision is capricious when the agency's conclusion has no substantial basis or is contrary to substantiated competent evidence." *Cranford v. Louisiana State Bd. of Prac. Nurse Examiners*, 996 So. 2d 590, 602 (citing *Coliseum Square Ass'n v. City of New Orleans*, 544 So. 2d 351 (La. 1989)).

Here, Ms. Alexander is likely to succeed in her claim that HANO's decision was arbitrary and capricious and not based on substantial evidence. In her administrative hearing, Ms. Alexander testified that the wages and business income on her 2021 and 2022 tax returns were inaccurate and reported without her knowledge or consent. She filed amended returns prior to the hearing, assuming a significant financial liability, and submitted the amended returns into evidence at the hearing. Nevertheless, HANO upheld its decision to terminate based on the amounts acknowledged to be incorrect rather than the correct numbers contained in her amended returns.

The administrative decision to terminate Ms. Alexander's housing assistance is not based on substantial evidence. Rather, it is based on information known to be false and willfully ignores evidence of the correct information contained in Ms. Alexander's amended 2021 and 2022 tax returns. HANO's disregard of relevant evidence renders its decision arbitrary and capricious.

### b. Ms. Alexander will suffer irreparable injury if the motion for stay is not granted.

"Irreparable injury is an injury or loss that cannot be adequately compensated in money damages, or is not susceptible to measurement by pecuniary standards." *Easterling v. Est. of Miller*, 184 So.3d 222, 229 (La. App. 4 Cir. 2015) (in the context of preliminary injunction).

Here, there is no apparent path to getting monetary damages from HANO based on its termination decision. While above-cited decisions establish that judicial review is available, the

12

question of whether public entities should incur damages liability for how they perform their public functions is entirely different and such relief is usually unavailable.

Louisiana courts have found that eviction and the prospect of homelessness constitute irreparable harm. *See Williams v. Hous. Auth. of City of Slidell*, 2015-0624 (La. App. 1 Cir. 11/9/15), 2015 WL 6951286, at *3 (finding that "eviction of an indigent tenant from public or subsidized housing has repeatedly been found to present irreparable injury"); *Robbins v. State Through State Land Off.*, 97-671, p. 966 (La. App. 3d Cir. 12/17/97), 704 So. 2d 961, 966, *writ denied*, 98-0176, p. 9 (La. 3/20/98), 715 So. 2d 1214 (affirming finding of irreparable harm sufficient to enjoin eviction because "[l]oss of the 'reasonable enjoyment' of one's home often cannot be adequately compensated by the payment of money."); *Cardona v. Rivera*, No. 2011 CA 0749, 2011 WL 5420815, at *5 (La. App. Nov. 9, 2011) (affirming trial court finding that plaintiff "would be irreparably harmed because he would be without his home and his home place."); *S. Cotton-Oil Co. v. Leathers*, 50 La. Ann. 134, 135, 23 So. 201, 201 (1897) ("The loss of the shelter of one's house, if lost by an act of injustice, is another instance of injury which may not be compensated for in money.") (dicta).

If HANO is not immediately enjoined from terminating Ms. Alexander's HCV Program assistance on December 31, 2024, Ms. Alexander and her child can be evicted for nonpayment because HANO will not make a housing assistance payment on January 1, 2025. Ms. Alexander cannot afford to pay the rent without her HCV Program subsidy because of her limited income. If evicted, she and her child will experience homelessness, loss of much of their furniture and personal possessions, and severe mental anguish. The threat of irreparable harm, should a stay order not be issued, is clear.

    **c. Other parties interested in the proceeding will not be harmed, and the public interest favors a stay.**

Other parties interested in the proceeding will not be harmed by a stay order. A stay order would mean that HANO would be required to maintain the status quo, and continue to issue Housing Assistance Payments to Ms. Alexander's landlord during this proceeding. However, this is a judicial review proceeding, not an ordinary proceeding. Judicial review is based on the existing (relatively limited) administrative record, there is no discovery, and therefore the matter

13

should not take more than six months to resolve. This is not significantly longer than the time
HANO already delayed implementation while waiting for its own administrative appeal
decision.[5] Any cost to HANO is modest compared to the irreparable harm that Ms. Alexander
would suffer.

The public interest also favors a stay. This case involves a low-income, single mother and
her fourteen-year-old son who will be rendered homeless without a stay. The public has an
interest in administrative bodies complying with state law and their own policies, and
administering programs in accordance with their mission. *See Dep't of Pub. Safety & Corr., Off.
of Youth Servs. v. Savoie*, 569 So. 2d 139, 143 n.2 (La. App. 1 Cir. 1990) (citing *Cent. La. Elec.
Co.* 377 So. 2d 1188) ("There is a strong public interest in requiring a government agency to
follow its own rules and regulations.")

## VI. CONCLUSION

For the reasons outlined herein, Plaintiff's application for a stay should be granted.
Specifically, a stay order would require HANO to continue to issue Housing Assistance
Payments to Ms. Alexander's landlord, and to continue all other program benefits pending
judicial review. Should the Court wish to schedule this matter for hearing rather than granting
relief *ex parte*, Plaintiff asks the Court to schedule a hearing prior to December 31, 2024, when
her termination decision is set to go into effect.

Respectfully submitted:

SOUTHEAST LOUISIANA LEGAL SERVICES

By: _____

JACK MUSE, LSBA #36237
1340 Poydras St. Suite 600
New Orleans, Louisiana 70112-2401
Telephone: (504) 529-1000, ext. 612
Fax: (504) 596-2241
jmuse@slls.org
*Attorney for Plaintiff Byroniesha Alexander*

---

[5] The Notice of Proposed Termination issued May 31, 2024, with the decision issued November
18, 2024.

14

## CERTIFICATE OF SERVICE

I, the undersigned, do certify that a copy of the above motion has been served upon

Defendant, by first class mail and electronic mail this 23rd day of December , 2024.

_____

Paul Tassin, LSBA #40069



**FILED**
2025 JAN 08 P 01 53
CIVIL
DISTRICT COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO.                                                      **Division:**

### BYRONIESHA ALEXANDER

### VERSUS

### HOUSING AUTHORITY OF NEW ORLEANS

**FILED:** _____         _____

### DEPUTY CLERK

### <u>AFFIDAVIT OF NOTICE</u>

**STATE OF LOUISIANA**
**PARISH OF ORLEANS**

     **BEFORE ME,** the undersigned Notary Public, personally came and appeared

PAUL TASSIN, who after being duly sworn and deposed did state the following:

1. I am a staff attorney at Southeast Louisiana Legal Services.

2. On December 23, 2024, I notified Defendant Housing Authority of New Orleans

     ("HANO") through counsel Tiffany Boveland that SLLS intended to file suit and seek an

     emergency stay in this matter.

3. My correspondence is attached as Exhibit A.

I declare under penalty of perjury that the forgoing statements are true and correct.

                                         Paul Tassin

**SWORN TO AND SUBSCRIBED**
**BEFORE ME THIS** 23 **DAY OF** December , **2024.**

**NOTARY PUBLIC**



**Corina Lopez**
**Notary Public**
**Bar No. 40435, ID No. 192002**
**State of Louisiana**
**My Commission is for Life**

VERIFIED

E-Filed

 Gmail

EXHIBIT
A

FILED

2025 JAN 08  P 01:53
Paul Tassin <ptassin@slls.org>
CIVIL

DISTRICT COURT

## Byroniesha Alexander: Petition for Judicial Review and Emergency Motion to Stay

**Paul Tassin** <ptassin@slls.org>                                     Mon, Dec 23, 2024 at 12:49 PM
To: Tiffany Boveland <tboveland@hano.org>
Cc: Jack Muse <jmuse@slls.org>, David Williams <dwilliams@slls.org>

Good afternoon, Ms. Boveland,

Attached please find copies of HCV participant Byroniesha Alexander's Petition for Judicial Review and Emergency
Motion to Stay, which I am filing with the court today.

Attorney Jack Muse (copied) is counsel of record in this case. He will be back in office Monday, December 30. Between
now and then you are welcome to contact me with any questions or concerns.

--
**Paul Tassin**
Staff Attorney, Housing Law Unit
Southeast Louisiana Legal Services
1340 Poydras St., Suite 600
New Orleans, LA 70112
Phone (504) 529-1000 ext. 614

### CONFIDENTIALITY NOTICE

THIS ELECTRONIC MAIL TRANSMISSION AND THE DOCUMENTS ACCOMPANYING IT MAY CONTAIN
CONFIDENTIAL INFORMATION BELONGING TO THE SENDER WHICH IS PROTECTED BY THE ATTORNEY/CLIENT
PRIVILEGE. THE INFORMATION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF
YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY ACTION IN RELIANCE ON
THE CONTENTS OF THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS TRANSMISSION IN
ERROR, PLEASE NOTIFY US IMMEDIATELY.

**2 attachments**

📄 **241223-Emergency Motion and MIS-AlexanderB.pdf**
1023K

📄 **241223-Petition for Judicial Review-AlexanderB.pdf**
613K

E-Filed

FILED

2025 JAN 08   P 01:53

CIVIL
DISTRICT COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO.                                                                     Division:

2024- 11594    **BYRONIESHA ALEXANDER**

**VERSUS**

### HOUSING AUTHORITY OF NEW ORLEANS

SECTION 5

FILED: _____

**DEPUTY CLERK**

### PETITION FOR JUDICIAL REVIEW OF HOUSING AUTHORITY DECISION TO TERMINATE HOUSING ASSISTANCE

NOW INTO COURT, through undersigned counsel, comes BYRONIESHA

ALEXANDER, a person of full age of majority, who for this petition alleges and says:

#### PRELIMINARY STATEMENT

1.

Plaintiff Byroniesha Alexander is the single mother of a child in his freshman year of

high school who receives housing assistance benefits because of her low income.

2.

Ms. Alexander depends on this housing assistance from the Housing Choice Voucher

Program which is administered by Defendant Housing Authority of New Orleans ("HANO").

3.

Unknown to her, her tax preparer reported income she did not earn on her income tax

returns. HANO proposed to terminate her housing assistance based on the discrepancy between

the income reported to HANO and that reported on her taxes.

4.

Ms. Alexander has amended her taxes to correct the income figure reported there. But

HANO is still terminating her housing assistance because of the income originally misreported

on her taxes.

5.

IN FORMA PAUPERIS

1



VERIFIED
12/23/24

E-Filed

Ms. Alexander seeks judicial review and reversal of HANO's decision as arbitrary and capricious.

## PARTIES AND VENUE

6.

Ms. Alexander is a person of the age of majority residing in Orleans Parish.

7.

Housing Authority of New Orleans ("HANO") is a political subdivision of the state of Louisiana that operates conventional public housing and issues rental assistance under the Housing Choice Voucher ("HCV") Program, commonly known as Section 8.

8.

Venue is proper in this District because the acts complained of occurred here, Ms. Alexander resides here, and HANO has its offices and conducts its business here.

## FACTUAL ALLEGATIONS

9.

Ms. Alexander is a single mother who lives with her fourteen-year-old son.

10.

Ms. Alexander has no regular income and so is unable to pay market rent and relies on a housing subsidy through the HCV program, administered by HANO, to be able to afford housing for her and her son.

11.

Under the HCV program, HANO pays Housing Assistance Payments to private landlords to subsidize some, and sometimes all, of the cost of rent for participating tenants. Based on her current income, HANO currently subsidizes the full amount of Ms. Alexander's rent.

12.

HCV program participants agree to comply with certain family obligations, including to supply any information requested by HANO for use in a regularly scheduled reexamination or

2

FILED

2025 JAN 08  P 01:53
CIVIL
DISTRICT COURT

interim reexamination of family income and composition. HANO Administrative Plan sec. 15.2.

Information the participant supplies to HANO must be true and complete. *Id.*

13.

Violation of a family obligation (other than those related to certain drug-related, violent

criminal activity, and alcohol abuse prohibitions) is a discretionary ground for termination of

voucher assistance. HANO Administrative Plan sec. 19.3. "In making its decision to terminate

assistance, HANO may consider alternatives and specific circumstances and may, on a

case-by-case basis, choose not to terminate assistance." *Id.*

14.

While some types of criminal activity may be grounds for mandatory termination, those

grounds are limited to offenses not at issue in this case: sex related offenses, manufacture or

production of methamphetamine, illegal drug abuse, and drug-related or violent criminal activity.

HANO Administrative Plan secs. 19.2.5, 19.2.9, 19.2.11, and 19.2.12, respectively.

15.

When HANO proposes termination, the participant is entitled to notice and an informal

hearing. HANO Administrative Plan secs. 18.5 and 19.9.

16.

HANO's decision on termination must be based on a preponderance of the evidence.

HANO Administrative Plan sec. 19.7.

17.

HANO has a choice of remedies besides termination. Their choice must account for

certain types of mitigating factors:

> In the case of family-caused errors or program abuse, HANO **will** take into consideration:
> - The seriousness of the offense and the extent of participation or culpability of individual family members;
> - Any special circumstances surrounding the case;
> - Any mitigating circumstances related to the disability of a family member;
> - The effects of a particular remedy on family members who were not involved in the offense.

3

E-Filed

HANO Administrative Plan sec. 20.7 (emphasis added).

18.

On May 31, 2024, HANO sent Ms. Alexander a notice proposing to terminate her from

the HCV program for (1) failure to supply required information, and (2) failure to provide

truthful and complete information, in violation of her family obligations under the program.

19.

The allegations were based on Ms. Alexander's 2021 and 2022 tax returns, which listed

wages and business income that she had not reported to HANO.

20.

Tax preparers in Louisiana are unregulated and tax preparer fraud is common.

21.

Tax preparers often falsely report unearned income for low income clients, in order to

qualify for the "Earned Income Credit" and generate a tax refund or enlarge an existing tax

refund. Many preparers doing so often keep much of the extra refund for themselves.

22.

Ms. Alexander was not aware of the wage and business income reported to the IRS until

HANO brought it to her attention. The wages and business income were not accurate and were

reported by her tax preparer without her knowledge or consent.

23.

Ms. Alexander timely requested an informal hearing on HANO's termination proposal.

24.

Ms. George contacted Southeast Louisiana Legal Services Low Income Tax Clinic

attorney R. Paul Tuttle. At Ms. Alexander's request, Mr. Tuttle prepared amended tax returns for

2021 and 2022. The amended returns were filed on July 15, 2024, in advance of Ms. Alexander's

informal hearing.

4

25.

Mr. Tuttle determined that by amending her returns, Ms. Alexander would incur a debt to the IRS of at least $5,000, plus possible interest and penalties.

26.

At her HANO appeal hearing, Ms. Alexander provided the hearing officer with her amended returns and proposed continuing the hearing so that it could be accurately determined what amount, if any, she had been overpaid in housing assistance.

27.

On November 27, 2024, HANO e-mailed Ms. Alexander notice of its decision dated November 18, 2024, to uphold the termination of housing assistance for her and her son. A copy of the decision letter was later delivered by mail on December 5, 2024.

28.

The hearing officer set the effective date of the termination for December 31, 2024.

## IRREPARABLE INJURY

29.

Ms. Alexander and her 14 year-old son have no alternative housing available and cannot afford to pay market rate rent. They face imminent eviction and homelessness when their housing assistance payments are terminated on December 31, 2024.

30.

She cannot afford to pay for a storage unit, so she would likely lose many of her belongings and furniture

31.

Further, Ms. Alexander would be unable to enter a new lease for the foreseeable future should HANO's decision go into effect and later be reversed. This is because she lacks funds to to pay first month's rent plus deposit as required to enter most new rental agreements.

5

## FIRST CLAIM FOR RELIEF

**The Hearing Officer's decision is arbitrary and capricious because its finding of facts are based on income reported in her original tax returns which Ms, Alexander acknowledged to be wrong and assumed a significant liability to correct before the hearing**

### 32.

Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

### 33.

HANO's findings of fact included that Ms. Alexander failed to report $14,690 of wages

for calendar year 2021 when she submitted her Application for Continuing Occupancy on May

23, 2021.

Ms. Alexander did not make $14,690 in wages in 2021 and did not tell her tax preparer

that she did.

### 34.

Ms. Alexander immediately took corrective action when she learned of the false

representation of her income, assuming a significant financial liability to do so.

### 35.

When she filed her amended return for 2021 on July 15, 2024, she reported the same

amount she certified in her Application for Continuing Occupancy: *zero*.

### 36.

This information was available at the hearing, and the amended 2021 tax return was

submitted into evidence.

### 37.

Ms. Alexander testified that she did not make $14,690 in wages in 2021 and that that

number was provided to the IRS without her knowledge or consent.

### 38.

6

Nevertheless, the decision to terminate Ms. Alexander's housing assistance is premised on the erroneous numbers on the original.

39.

The hearing officer's findings of fact also included that Ms. Alexander failed to report $9,918 in wages and $6,364 and business income for calendar year 2022 when she submitted her Application for Continuing Occupancy on June 21, 2022.

40.

Ms. Alexander did not earn $9,918 in wages and $6,364 in business income in calendar year 2022 and did not tell her tax preparer that she did.

41.

Ms. Alexander reported her income as required when she certified her Application for Continuing Occupancy on June 21, 2022.

42.

She assumed a significant financial liability to amend the 2022 returns before the hearing.

43.

The correct numbers were provided to the hearing officer through her amended 2022 returns that were submitted into evidence.

44.

The hearing officer ignored those numbers and instead relied on inflated amounts that Ms. Alexander acknowledged to be inaccurate and provided evidence of her actual income for 2022.

45.

The decision to terminate Ms. Alexander's housing assistance is an abuse of direction e. t based on the arbitrary and capricious decision to rely on the false reporting of a tax preparer instead of her actual income from calendar years 2021 and 2022.

**SECOND CLAIM FOR RELIEF**

7

**HANO's decision is arbitrary and capricious because Ms. Alexander was terminated for improper conduct  for which program termination is not authorized, rather than for unreported income.**

**46.**

Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

**47.**

Ms. Alexander was not terminated from the program because of unreported income. She

was terminated because her income tax forms reported her income inaccurately, even though she

was not the person who made this error.

**48.**

Termination from the HCV program is permitted only for violation of specific program

requirements. Termination for criminal activity is limited to offenses involving drugs, violence,

or sexual abuse.

49.

Misreporting of income on income tax forms, even if it had been done by Ms. Alexander,

is not an authorized basis for termination from the program.

**50.**

Upon information and belief, HANO's claim that the termination is based on unreported

income is pretextual, and HANO understands the error lies in the nonexistent income reported by

Ms. Alexander's tax preparer, not in the income information she reported to HANO.

**51.**

As a result, Ms. Alexander is not being terminated for any alleged violation of her family

obligations. Ms. Alexander is being terminated for someone else's  conduct, which has

victimized her and her family and that is not enumerated in HANO's administrative plan.

Purporting to base her termination on a failure of family obligations is both arbitrary and

capricious and an abuse of direction

8

## THIRD CLAIM FOR RELIEF

**The Hearing Officer's decision is arbitrary and capricious and an abuse of discretion because it did not consider mitigating factors, as required by HANO's Administrative Plan.**

**52.**

Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

**53.**

HANO's Administrative Plan **requires** that HANO consider the following when

determining whether to terminate assistance for family caused errors and/or program abuse:

- The seriousness of the offense and the extent of participation or culpability of

  individual family members;

- Any special circumstances surrounding the case;

- Any mitigating circumstances related to the disability of a family member; and

- The effects of a particular remedy on family members who were not involved in

  the offense.

HANO Administrative Plan sec. 20.7 (emphasis added).

54.

The hearing officer failed to consider any of these factors, including the fact that Ms.

Alexander's child would face eviction and homelessness if the termination was upheld.

**55.**

The hearing officer also failed to consider that Ms. Alexander was a victim of tax

preparer fraud, and took steps to correct the error on her tax returns as soon as it was brought to

her attention, despite incurring liability to the IRS.

**56.**

HANO's failure to follow its own policy that requires consideration of the above

mitigating factors renders the hearing officer's decision arbitrary and capricious and an abuse of

discretion.

9

E-Filed

## FOURTH CLAIM FOR RELIEF

### HANO'S Decision to Terminate Assistance is Based on an Arbitrary and Capricious Shifting of the Burden Rather than Substantial Evidence

57.

Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

58.

The decision to uphold the termination of Ms. Alexander's assistance cites to section 19.7

of it's administrative, "Criteria for Deciding to Terminate Assistance":

> HANO will terminate assistance if a preponderance of evidence indicates that a
> household member has engaged in the activity. "Preponderance of the evidence" is
> defined as evidence which is of greater weight or more convincing than the evidence
> which is offered in opposition to it; that is evidence which as a whole shows that the fact
> sought to be proved is more probable than not.

59.

The hearing officer then states that a violation of a family obligation, specifically a failure

to supply required information, was established because *Ms. Alexander did not prove* that

"incomes reported on your IRS tax returns were prepared, submitted and processed in a

fraudulent manner to the IRS."

60.

The only evidence put forward by the hearing officer is that "[t]he IRS needs your

signature when a tax return is prepared prior to submission".

61.

Third parties can be authorized to sign a document on a taxpayer's behalf and it is

common practice for tax preparers to assume such authority.

62.

The decision to terminate Ms. Alexander's housing assistance for not meeting a burden

she does not carry to prove the wrongdoing of someone else is arbitrary and capricious, an abuse

of discretion and not supported by substantial evidence.

10

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff respectfully requests that this Court:

a. Allow Plaintiff to file this action and proceed *in forma pauperis*;

b. Stay HANO's proposed decision to terminate Plaintiff Byroniesha Alexander's housing assistance pending the outcome of this case, or if remanded, pending any new administrative hearing decision on her case;

c. Order the Defendant to file the complete record of its administrative review of Ms. Alexander's proposed termination from the HCV program for the court's review;

d. After review of the record and hearing any arguments of counsel, reverse Defendant's decision as not based on substantial evidence, arbitrary, capricious, and an abuse of discretion; and

e. Tax costs of this proceeding to the Defendant; and

f. Award other relief as this Court may deem to be just and proper.

Respectfully submitted:

SOUTHEAST LOUISIANA LEGAL SERVICES

By: _____

JACK MUSE, LSBA #36237
1340 Poydras St. Suite 600
New Orleans, Louisiana 70112
Telephone: (504) 529-1000, ext. 612
Fax: (504) 596-2241
Email: jmuse@slls.org

*Attorney for Plaintiff Byroniesha Alexander*

Please Serve:

Housing Authority of New Orleans
Through Counsel, Tiffany Boveland
4100 Touro St.
New Orleans, LA 70122

11

E-Filed

FILED

2025 JAN 08 P 01:53

CIVIL
DISTRICT COURT

2024 DEC 23 PH 1: 32
DISTRICT CIVIL COURT

## VERIFICATION

**STATE OF LOUISIANA**
**PARISH OF ORLEANS**

BEFORE ME, the undersigned authority, personally came and appeared **BYRONIESHA**

**ALEXANDER** who, being by me first duly sworn, deposed; that she is the plaintiff in the

attached Petition, and that all allegations of fact made in the Petition, except those allegations

expressly made on information and belief, affiant believes to be true.

BYRONIESHA ALEXANDER

**SWORN TO AND SUBSCRIBED**
**BY ME ON THIS** 20th **DAY OF** December , **2024.**

**NOTARY PUBLIC**



Paul R. Tassin
Notary Public
Notary ID No. 187187
Orleans Parish, Louisiana

12

VERIFIED

E-Filed

FILED

2025 JAN 08   P 01:53

CIVIL

DISTRICT COURT

# Exhibit D

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BYRONIESHA ALEXANDER,** | **CIVIL ACTION NO.** |
| **Plaintiff** | |
| **VERSUS** | **JUDGE:** _____ |
| **HOUSING AUTHORITY OF NEW ORLEANS,** | |
| **Defendant** | **MAGISTRATE JUDGE:**_____ |

### CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that a copy of the foregoing Notice of Removal has been sent via

email and placed in the United States Mail, with proper and sufficient postage affixed, addressed

to:

> **Ms. Byroniesha Alexander**
> *Through her Attorney of Record*:
> Jack Muse
>         Of
> Southeast Louisiana Legal Services
> 1340 Poydras Street, Suite 600
> New Orleans, Louisiana 70112
> E-mail: jmuse@slls.org

I hereby further certify that a copy of the foregoing Notice of Removal has also

been submitted to the Clerk of the Civil District Court for filing in the record in the state court

action entitled: "*Byroniesha Alexander v. Housing Authority of New Orleans*," bearing case

number 2024-11594 on the docket of the Civil District Court for the Parish of Orleans, State of

Louisiana.

### [*signatures on following page*]

5735404v.1

FILED

2025 JAN 08  P 01:53

CIVIL

DISTRICT COURT

Date: January 8, 2025

Respectfully submitted,

*/s/ Kathryn M. Knight*

Kathryn M. Knight [T.A.], La. Bar No. 28641
Rachel W. Wisdom, La. Bar No. 21167
Katelyn N. McGibney, La. Bar Roll No. 39979
Stone Pigman Walther Wittmann L.L.C.
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone: (504) 581-3200
Facsimile: (504) 581-3361
Email: kknight@stonepigman.com
        rwisdom@stonepigman.com
        kmcgibney@stonepigman.com

**Attorneys for Housing Authority of New Orleans**

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Certificate of Compliance

with 28 U.S.C. § 1446(d) has been served upon all counsel of record by placing same in the United

States mail, postage prepaid and properly addressed and by e-mail, this 8th day of January, 2025.

*/s/ Kathryn M. Knight*

- 2 -

5735404v.1